# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2367

_____

United States of America

*Plaintiff - Appellee*

v.

Javier Villareal

*Defendant - Appellant*

_____

No. 13-2586

_____

United States of America

*Plaintiff - Appellee*

v.

Lee Roy Garcia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: February 10, 2014
Filed: June 25, 2014
[Unpublished]
_____

Before LOKEN, BOWMAN, and BYE, Circuit Judges.
_____

PER CURIAM.

Lee Roy Garcia and Javier Villarreal[1] pleaded guilty to methamphetamine offenses before, and were sentenced by, the district court.[2]  Villarreal challenges district court rulings regarding his mental health and evaluations.  Garcia appeals the application of four separate sentencing enhancements and appeals his 300 month sentence.  We affirm.

I

On August 22, 2012, a fifty-three count indictment was filed charging Garcia and Villarreal, along with fifteen co-defendants, with methamphetamine-related offenses.  Villarreal was charged with one count of conspiracy to distribute methamphetamine and two counts of aiding and abetting in the distribution of more than five grams of actual methamphetamine.  Garcia was charged with seven counts of distribution of a controlled substance, five counts of distribution of more than five grams of actual methamphetamine, and one count of being an unlawful drug user in possession of a firearm.

_____

[1]We note the accurate spelling of Villarreal's name is used in the opinion while the caption utilizes the spelling used in the district court judgment ("Villareal").

[2] The Honorable P.K. Holmes, Chief Judge, United States District Court for the Western District of Arkansas.

A

On December 4, 2012, Villarreal filed a motion for assistance from a mental health professional, including a request for a competency evaluation. The district court held a reasonable cause hearing to determine whether to order a competency evaluation. At the hearing, Villarreal's attorney testified as to her first-hand observations of Villarreal's mental state and her knowledge of Villarreal's mental health history. The district court concluded the evidence failed to raise a sufficient doubt that Villarreal was incompetent to stand trial and failed to establish reasonable cause to believe Villarreal was presently suffering from a mental disease or defect. The district court denied the motion for assistance from a mental health professional and the motion for a competency hearing and declined to order a *sua sponte* competency hearing.

On January 30, 2013, Villarreal pleaded guilty to one count of aiding and abetting in the distribution of more than five grams of actual methamphetamine. At sentencing, Villarreal renewed his motion for assistance of a mental health professional. The district court denied the renewed motion. The district court found Villarreal qualified for safety-valve relief and sentenced Villarreal to 46 months of imprisonment.

B

On January 29, 2013, Garcia pleaded guilty to one count of distribution of methamphetamine and one count of being an unlawful drug user in possession of a firearm. The district court conducted a sentencing hearing on June 25, 2013. In doing calculations under the United States Sentencing Guidelines Manual ("U.S.S.G."), the district court determined Garcia's base offense level was 38. The district court also assessed a two-level increase under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon; a two-level increase under U.S.S.G. § 3D1.1(b)(12) for

maintaining a premises for the purpose of manufacturing or distributing a controlled substance; a two-level increase under U.S.S.G. § 3B1.1(c) for being an organizer, leader, manager, or supervisor; a two-level increase under U.S.S.G. § 3C1.1 for obstructing or impeding the administration of justice; and a two-level decrease under U.S.S.G. § 3E1.1 for acceptance of responsibility. The district court calculated a total offense level of 44, a criminal history category of I, and a guidelines range of 360 months to life imprisonment. The district court denied a downward departure for Garcia's education, vocation, employment record, family ties, and responsibility. The district court granted a downward variance in light of co-defendants' lower sentences, Garcia's age, and Garcia's lack of criminal history. The district court sentenced Garcia to 300 months of imprisonment.

## II

### A

Villarreal argues the district court erred in denying his motion for an initial mental health evaluation and assistance from a mental health professional, in denying a competency evaluation, and by failing to hold a *sua sponte* competency hearing.

This court reviews denials of competency hearings and psychiatric examinations for abuse of discretion. See United States v. Whittington, 586 F.3d 613, 617 (8th Cir. 2009); United States v. Denton, 434 F.3d 1104, 1112 (8th Cir. 2006). A competency determination will be affirmed "unless clearly arbitrary or unwarranted, or clearly erroneous." Whittington, 586 F.3d at 617; United States v. Cook, 356 F.3d 913, 918 (8th Cir. 2004) (citing United States v. Voice, 627 F.2d 138, 141 (8th Cir. 1980)). This court reviews the district court's decision to deny expert funds for an abuse of discretion, and will not reverse the district court's decision absent a showing of prejudice. United States v. Mentzos, 462 F.3d 830, 839-40 (8th Cir. 2006).

Villarreal first argues the district court erred in denying a mental health evaluation. Prior to holding a competency hearing, a district court "may order that a psychiatric or psychological examination of the defendant be conducted." 18 U.S.C. § 4241(b). "[R]easonable cause to believe that [a defendant] *may* be incompetent [is] the § 4241(a) predicate for granting a competency hearing and ordering a pre-hearing mental competency examination under § 4241(b)." United States v. Millard-Grasshorn, 603 F.3d 492, 495 (8th Cir. 2010). The district court conducted a hearing which allowed Villarreal to show reasonable cause he may have been incompetent. The district court did not abuse its discretion in determining Villarreal had not shown reasonable cause by noting the evidence presented was merely Villarreal's attorney's personal impressions and observations, but no inquiry was made into Villarreal's medical records or past medical records and there was no indication of irrational behavior. We conclude the district court did not abuse its discretion in failing to order a psychiatric examination based solely on Villarreal's attorney's observations. See Reynolds v. Norris, 86 F.3d 796, 800 (8th Cir. 1996) ("[T]he trial court may consider an express doubt by the accused's attorney, although such doubt alone is not enough to establish sufficient doubt.").

Villarreal next argues the district court abused its discretion in denying Villarreal's motion for assistance from a mental health professional pursuant to 18 U.S.C. § 3006A(e), which guarantees an indigent defendant the reasonable opportunity to procure a psychiatrist to assist him in a defense. See United States v. Reason, 549 F.2d 309, 311 (4th Cir. 1977). However, appointment of a mental health expert is required only when a defendant's mental health is likely to be a significant factor at trial. Ake v. Oklahoma, 470 U.S. 68, 74 (1985). We conclude the district court did not abuse its discretion in denying Villarreal funds to hire a mental health expert. Villarreal failed to show his mental health would have been a significant factor at trial and has failed to show he was prejudiced by the decision. See Ake, 470 U.S. at 74; Mentzos, 462 F.3d at 839.

Finally, Villarreal argues the district court erred in not holding a competency hearing. A trial court has a due process obligation to hold a competency hearing, either on motion or *sua sponte*, "whenever evidence raises a sufficient doubt about the accused's mental competency to stand trial." Reynolds, 86 F.3d at 800 (quotation marks and citations omitted). A defendant is presumed to be competent "'absent some contrary indication' arising from irrational behavior, the defendant's demeanor, and any prior medical opinions addressing the defendant's competency." United States v. Shan Wei Yu, 484 F.3d 979, 985 (8th Cir. 2007) (quoting United States v. Long Crow, 37 F.3d 1319, 1325 (8th Cir. 1994)). Again, as Villarreal failed to raise sufficient doubt as to his competency to stand trial, the district court did not abuse its discretion in refusing to hold a competency hearing.

B

Garcia argues the district court erred in applying the four sentencing enhancements and argues the 300-month sentence is unreasonable and created an unwarranted sentencing disparity.

This court reviews a district court's factual findings for clear error and its interpretation and application of the guidelines *de novo*. United States v. Vasquez-Garcia, 449 F.3d 870, 872 (8th Cir. 2006). We review the substantive unreasonableness of sentences "under a standard akin to an abuse-of-discretion standard, cognizant that it will be the unusual case when we reverse a district court sentence–whether within, above, or below the applicable Guidelines range–as substantively unreasonable." United States v. VandeBrake, 679 F.3d 1030, 1037 (8th Cir. 2012) (internal quotation marks and citation omitted).

The district court properly applied a two-point enhancement for possession of multiple firearms during the offense under U.S.S.G. § 2D1.1(b). For the enhancement to apply, the government must show by a preponderance of the evidence a dangerous

weapon was present and it was not clearly improbable the weapon had a nexus with the criminal activity. United States v. Betz, 82 F.3d 205, 210 (8th Cir. 1996). Garcia pleaded guilty to being a drug user in possession of a firearm and the factual basis of the plea supports that Garcia was in possession of a firearm while a drug user and in possession of drugs. These facts create a sufficient nexus. The district court did not clearly err in finding the gun was present and had a nexus with the criminal activity.

The district court also properly applied a two-level enhancement for acting as a leader or organizer pursuant to U.S.S.G. § 3B1.1(c). Garcia argues he did not have contact with all co-defendants and was not a leader. However, "[f]or a two-level managerial role enhancement to apply, it is only necessary that the defendant supervise or manage one other participant." United States v. Johnson, 619 F.3d 910, 921 (8th Cir. 2010) (internal quotation marks and citation omitted). The pre-sentence report ("PSR") indicated a co-defendant Benjamin Chronister had stored drugs at his residence at the behest of Garcia and had conducted drug transactions for Garcia for which Garcia paid Chronister. The district court did not commit clear error in crediting the PSR and determining Garcia was a leader or organizer with regard to Chronister.

Moreover, the district court properly applied a two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance pursuant to U.S.S.G. § 2D1.1(b)(12). The factors a court should consider when applying a § 2D1.1(b)(12) enhancement include, (1) whether defendant held a possessory interest in the premises, and (2) the extent to which defendant controlled access to, or activity at, the premises. U.S.S.G. § 2D1.1 cmt. n.17. Drug dealing need not be the sole purpose for which the premises is maintained, but must be a major purpose. Id. The district court found at least three drug transactions occurred at Garcia's residence, and those transactions were sufficient for the district court to apply the enhancement. See United States v. Miller, 698 F.3d 699, 706 (8th Cir. 2012)

(holding conducting three buys and twice accepting payments sufficient to show a home was not just used incidentally or collaterally).

The district court also properly applied a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. For a § 3C1.1 enhancement to apply, the government must prove (1) the defendant wilfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any related conduct; or (B) a closely related offense. U.S.S.G. § 3C1.1. At sentencing, the government presented evidence Garcia had threatened co-defendant Michael Paramo to keep Paramo from cooperating with the government and then later Garcia orchestrated an assault on Paramo in jail after accusing Paramo of snitching. Garcia contests the credibility of the evidence, but the district court found the testimony credible. The district court did not clearly err in finding a factual basis for the obstruction of justice enhancement.

Finally, Garcia contends his sentence of 300 months is substantively unreasonable. After closely reviewing the district court, we find no basis for concluding the sentence is unreasonable. The district court considered appropriate factors in fashioning Garcia's sentence, including fashioning a downward variance which avoided unwarranted sentencing disparities and still took into account the 18 U.S.C. § 3553(a) factors.

## III

Accordingly, we affirm the district court.

_____