# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2462
_____

United States of America

*Plaintiff - Appellee*

v.

Alonzo Beard

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: January 11, 2023
Filed: April 26, 2023
[Unpublished]

_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Alonzo Beard was convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(D), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). The officers who arrested Beard had dash cameras recording the incident, but the video footage was deleted before trial.

Beard moved to dismiss his indictment, arguing that the Government's failure to preserve the videos violated his due process rights. He also moved for a psychiatric examination of his competency before trial. The district court[1] denied both motions. Beard then moved to proceed pro se, which the district court allowed. Beard challenges all three of the district court's decisions, and we affirm.

We review a denial of a motion to dismiss the indictment because of the destruction of evidence *de novo*. United States v. Webster, 625 F.3d 439, 446 (8th Cir. 2010). "[U]nless a defendant can show bad faith on the part of police, failure to preserve potentially useful evidence does not constitute denial of due process of law." Id. (citation omitted); see also Arizona v. Youngblood, 488 U.S. 51, 58 (1988). Here, an officer testified at trial that the video footage was destroyed per standard department procedure. Beard has offered no evidence that the officers who responded to the scene or anyone in the police department acted in bad faith, so his due process claim fails.

Beard also challenges the denial of his motion for a psychiatric examination, which we review for an abuse of discretion. United States v. Villareal, 567 F. App'x 467, 469–70 (8th Cir. 2014). A district court can order a psychiatric or psychological examination of the defendant prior to a competency hearing if it has reason to believe that the defendant may be incompetent. See id. at 470; 18 U.S.C. § 4241(b). The only evidence the district court had when deciding Beard's motion was defense counsel's statement that he had reason to believe that Beard may not be mentally competent to stand trial. This was not enough to give the district court sufficient doubt about Beard's competency.[2] See Reynolds v. Norris, 86 F.3d 796, 800 (8th Cir. 1996) ("[T]he trial court may consider an express doubt by the accused's

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

[2]Beard has not demonstrated that the district court was aware of any of his mental health issues when it was considering the motion. Although the district court made statements at sentencing expressing concern for Beard's mental health, those statements were made after the motion was decided.

attorney, although such doubt alone is not enough to establish sufficient doubt [about the accused's mental competency].”); see also Villareal, 567 F. App'x at 470 (holding the district court did not abuse its discretion by not ordering a psychiatric examination based solely on the defendant's attorney's observations). The district court did not abuse its discretion by denying Beard's motion for a psychiatric examination.

Last, Beard challenges the district court's grant of his motion to proceed pro se. We review a district court's determination that a defendant has made a valid waiver of the right to counsel *de novo*. United States v. Reed, 668 F.3d 978, 985–86 (8th Cir. 2012). A defendant's waiver of right to counsel must be “voluntary, intelligent, and knowing.” United States v. Ladoucer, 573 F.3d 628, 633 (8th Cir. 2009) (citation omitted). “We will find a valid waiver if a district court adequately warns a defendant or if, on the record as a whole, we determine that the defendant knew and understood the disadvantages of self-representation.” United States v. Stewart, 20 F.3d 911, 917 (8th Cir. 1994).

Beard argues that the district court granted his motion before it examined whether his waiver was knowing and voluntary. This was not the case. While the district court stated its intention to grant Beard's motion at the outset, it then talked with Beard about why he wanted to represent himself. Beard explained that he had researched the law. The district court explained each count Beard faced and its maximum sentence. It also cautioned Beard about the difficulty of arguing against lawyers, that he was unfamiliar with the Rules of Evidence, and that the court would not try his case for him. Beard said he wanted to proceed anyway. The district court informed Beard of the disadvantages of self-representation, and Beard acknowledged that he understood those disadvantages.[3] Based on this record, we find no error.

---

[3]Beard argues that certain legal questions he asked the district court demonstrated that he didn't understand the challenges of self-representation. But “[t]he court is not required to ensure that the defendant is capable of representing himself as well as a trained and experienced lawyer, only that he understands the

We affirm.

_____

---

risks involved in representing himself and that he has knowingly and intelligently chosen self representation." Ladoucer, 573 F.3d at 633 (citation omitted).