**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7754**

UNITED STATES OF AMERICA,

Petitioner - Appellant,

v.

SEAN MICHAEL WAYDA,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (5:19-hc-02172-BO)

Argued: March 19, 2020                                        Decided: July 27, 2020

Before GREGORY, Chief Judge, and FLOYD and THACKER, Circuit Judges.

Affirmed by published opinion. Judge Thacker wrote the opinion, in which Chief Judge Gregory and Judge Floyd joined.

**ARGUED:** Ashley Alexandra Cheung, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Jaclyn Lee DiLauro, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Joseph H. Hunt, Assistant Attorney General, Mark B. Stern, Abby C. Wright, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Robert J. Higdon, Jr., United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellant. G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellee.

THACKER, Circuit Judge:

Six months after a Maryland federal district court declared Sean Wayda ("Appellee") incompetent to stand trial and unable to be restored to competency, the United States Department of Justice (the "Government"), through the United States Attorney's Office for the Eastern District of North Carolina, initiated this civil commitment proceeding against him. Pursuant to 18 U.S.C. § 4248, the Government's filing in the Eastern District of North Carolina sought the commitment of Appellee to the custody of the Attorney General as a "sexually dangerous person." Enumerating several delays in the proceedings against him, Appellee prevailed in the Eastern District of North Carolina on a motion to dismiss the § 4248 civil commitment certification as untimely.

The Government appeals. Reviewing this statutory interpretation question de novo, *United States v. Savage*, 737 F.3d 304, 306–07 (4th Cir. 2013), we affirm the district court's judgment. Based on the applicable statutes and precedent, the Government was only permitted to retain Appellee in its custody for a reasonable period of time. But the Government ran afoul of that time constraint here. Additionally, we hold in this instance the Government failed to initiate civil commitment proceedings while Appellee was being legitimately held.

I.

The challenged district court determination in this case disposed of the Government's certification of Appellee as a sexually dangerous person through procedures defined in 18 U.S.C. § 4248. This § 4248 certification follows a determination pursuant to 18 U.S.C. § 4241 that Appellee is incompetent to stand trial and is unlikely to be restored

2

to competency through additional hospitalization. The interrelation of these two statutory provisions is the heart of the case before us.

A.

The Statutory Frameworks

1.

Competency -- 18 U.S.C § 4241

Section 4241 sets forth the process for determining a defendant's competency to stand trial. Once charges have been filed, at any time before a defendant's sentencing, the parties or the court on its own motion may move for a hearing to determine a defendant's mental competency. *See* 18 U.S.C. § 4241(a). A competency hearing shall be granted "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* "If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently" not competent to stand trial, as was the case here, "the court shall commit the defendant to the custody of the Attorney General." *Id.* § 4241(d).

The next step in the statutory framework with regard to a competency determination is central to this case:

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility --
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial

3

probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2)    for an additional reasonable period of time until –

(A)    his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

(B)    the pending charges against him are disposed of according to law;

whichever is earlier.

18 U.S.C. § 4241(d). "If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of section 4246 and 4248." *Id.*

2.

Dangerousness -- 18 U.S.C. § 4248

a.

Sections 4246 and 4248 govern the federal process for civil commitment of particular persons in the government's custody whose mental condition renders them a potential threat. Section 4246 has long provided a procedure for commitment of an individual who "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(a).

Section 4248 is a more recent addition to the framework specifically aimed at those "who, because of mental illness, are likely to have difficulty refraining from violent or

4

dangerous *sexual* conduct." *United States v. Broncheau*, 645 F.3d 676, 679 (4th Cir. 2011) (emphasis supplied). This section allows the government to seek civil commitment of a "sexually dangerous person." 18 U.S.C. § 4248(a). As provided by the statute, a "sexually dangerous person" is "a person who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others." *Id.* § 4247(a)(5). A person is "sexually dangerous to others" if he "suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." *Id.* § 4247(a)(6).

To initiate a § 4248 civil commitment, "an authorized official must first certify that the prospective respondent is a sexually dangerous person." *Broncheau*, 645 F.3d at 679 (internal quotation marks omitted). The statute explains that the certifying official may be the Attorney General "or any individual authorized by the Attorney General or the Director of the Bureau of Prisons." 18 U.S.C. § 4248(a). Once certification by the appropriate authority occurs, the government can then initiate the § 4248 proceedings by filing the certificate in the district court where the person is confined. *See id.*

b.

Of note, § 4248's civil commitment procedures apply only to a person (i) "who is in the custody of the Bureau of Prisons ["BOP"]," (ii) "who has been committed to the custody of the Attorney General pursuant to section 4241(d) [the incompetency provisions]," or (iii) "against whom all criminal charges have been dismissed solely for reasons relating to the mental condition of the person." 18 U.S.C. § 4248(a).

Appellee's argument here is that, at the time the Government filed the § 4248 certification against him, he belonged to none of the three enumerated categories of persons eligible for commitment as a "sexually dangerous person." Specifically, Appellee maintains (and the Government does not now contest) that Appellee was not in the custody of the BOP at the time of the certificate's filing (category i).[1] Appellee further argues that the Government filed its certification after he ceased to be legally committed to the custody of the Attorney General pursuant to § 4241(d) (category ii). And, finally, Appellee asserts (and the Government agrees) that his charges have not been dismissed (category iii). Only "category ii" remains at play here -- Appellee maintains that the Attorney General's legal custody over him ceased before the Government filed its § 4248 certification.

B.

Appellee's § 4241 Competency Proceedings

After originally indicting Appellee in the District of Maryland in March 2016, the Government requested an initial competency evaluation for him pursuant to 18 U.S.C. § 4241(a) on May 26, 2016. That same day, the Maryland district court[2] granted the

---

[1] The Government's argument below centered on Appellee being in the custody of the BOP rather than that of the Attorney General. The Government has abandoned this argument on appeal, opting to contend that Appellee was still committed to the Attorney General's custody pursuant to 18 U.S.C. § 4241(d) (category ii).

[2] Because we refer to proceedings in two separate district courts, for ease of reference and herein, we refer to the district court for the District of Maryland as the "Maryland district court," and the district court for the Eastern District of North Carolina -- which issued the judgment from which the Government has appealed -- as simply the "district court."

6

motion, committing Appellee to the custody of the Attorney General for "a reasonable period, not to exceed 30 days," for a competency evaluation. Order at 1, *United States v. Wayda*, No. 1:16-cr-0097 (D. Md. May 26, 2016), ECF No. 25. This order also permitted the director of the facility at which Appellee was to be evaluated to "apply for a reasonable extension, but not to exceed fifteen days [], upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant." *Id.* at 1–2.

In November 2016, a superseding indictment was returned against Appellee in the District of Maryland, charging him with three counts of coercion and enticement, one count of production and attempted production of child pornography, three counts of production of child pornography, two counts of receipt of child pornography, two counts of extortion, and one count of travel with intent to engage in illicit sexual conduct.

Pursuant to its May 26, 2016 order -- and seven months after committing Appellee to the custody of the Attorney General "for a reasonable period not to exceed 30 days," Order at 1, *United States v. Wayda*, No. 1:16-cr-0097 (D. Md. May 26, 2016), ECF No. 25 -- the Maryland district court held Appellee's first competency hearing in December 2016. The Maryland district court found Appellee not competent to stand trial at that time, and it ordered Appellee committed to the custody of the Attorney General "pursuant to 18 U.S.C. § 4241(d) to undergo hospitalization for a reasonable period of time, not to exceed four months from the defendant's arrival at the medical facility, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the

7

capacity to permit the trial to proceed." J.A. 64–65.[3] With its December 2016 order, the Maryland district court requested that a report on competency and restorability be prepared within four months.

Six months passed. The Maryland district court eventually ordered the parties to provide a proposed schedule by June 20, 2017, for resolving Appellee's competency issues. On the day the proposed schedule was due, Appellee's counsel instead wrote to the court requesting an additional three weeks (until July 11, 2017) to set a schedule, due to the volume of documents counsel had "very recently" received from the BOP relating to Appellee's competency. J.A. 66. The Maryland district court granted the extension request the following day.

On July 11, 2017, Appellee's counsel requested a hearing to determine Appellee's competency to proceed. The requested hearing was held August 29, 2017. This was Appellee's second competency hearing. Following the hearing, the Maryland district court concluded that Appellee remained incompetent, but further concluded, "there is a substantial probability and likelihood that in the foreseeable future," Appellee could be restored to competency with "appropriate therapy, treatment, and evaluation." J.A. 70. Therefore, on September 12, 2017, the court ordered Appellee committed to the custody of the Attorney General "pursuant to 18 U.S.C. § 4241 to undergo continued hospitalization for a reasonable period of time, not to exceed four months from the defendant's arrival at the medical facility, as is necessary to determine whether there is a substantial probability

---

[3] Citations to the J.A. refer to the Joint Appendix filed by the parties in this appeal.

8

that in the near foreseeable future he will attain the capacity to permit the trial to proceed." *Id.* Because the Maryland district court found Appellee likely to be restorable in the near future, it presumably intended this additional period of hospitalization to be in accordance with 18 U.S.C. § 4241(d)(2), which authorizes further commitment of an incompetent defendant "for an additional reasonable period of time until -- (A) his mental condition is so improved that trial may proceed, if the court finds there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(2).

Another ten months passed. Appellee was afforded a third set of competency hearings in July 2018. Ultimately, the Maryland district court concluded that Appellee remained incompetent to stand trial. Five months later, in a written order dated December 13, 2018, the court set forth this conclusion. The Maryland district court was "not convinced[] that there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the proceedings to go forward." J.A. 72 (the "Unrestorability Determination"). The court then announced, "subject to the provisions of 18 U.S.C. §§ 4246 and 4248," it would "conduct further proceedings," and requested another status report within ten days. *Id.*

On December 19, 2018, the Government reported that Appellee would be transferred to a BOP facility for evaluation, including that relevant to § 4248 certification. That same day, the Maryland district court ordered Appellee committed to the custody of the Attorney General to determine whether he "is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another

9

person or serious damage to property of another" pursuant to 18 U.S.C. § 4246(a) and whether he "is a sexually dangerous person" as defined in 18 U.S.C. § 4248. J.A. 77–78.

## C.

### Appellee's § 4248 Dangerousness Dismissal

### 1.

### Proceedings in the Eastern District of North Carolina

On June 11, 2019 -- six months after the Maryland district court determined Appellee could not be restored to competency -- the Government filed a § 4248 certification of a sexually dangerous person in the Eastern District of North Carolina, stating that Appellee is "in [BOP] custody at the Federal Correctional Institution, Butner, North Carolina, pending disposition of an indictment filed in the United States District Court for the District of Maryland." J.A. 10.[4]

Appellee moved to dismiss the § 4248 certificate against him. In his motion to dismiss, Appellee argued that, when the Government filed the certificate, the statutory requirements of 18 U.S.C. § 4248(a) were not met, and the certificate was therefore subject

---

[4] Importantly, our evaluation in this case is not affected by the Maryland district court's December 2018 assertion that it was ordering Appellee committed to the custody of the Attorney General for the purposes of 18 U.S.C. § 4246 and 18 U.S.C. § 4248 evaluations. Both § 4246 and § 4248 expressly provide that the proceedings thereunder are to be initiated by a certification by (i) for § 4246, the director of the facility in which a person is hospitalized, or (ii) for § 4248, the Attorney General, Director of BOP, or a person authorized thereby. Nothing in these provisions independently authorizes a court to sua sponte initiate civil commitment proceedings, so the relevant date for the § 4248 certification here is June 11, 2019, when the Government itself -- not any district court -- filed the requisite certification.

10

to dismissal per Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Specifically, Appellee asserted that, on June 11, 2019, he was not a person for whom the Government could file a § 4248 certificate -- that is, he was not legally in the custody of the BOP, his commitment to the custody of the Attorney General pursuant to § 4241(d) had expired, and he was not a person whose criminal charges had been dismissed solely for reasons relating to his mental condition. *See* 18 U.S.C. § 4248(a).

On October 23, 2019, the district court for Eastern District of North Carolina held a hearing on Appellee's dismissal motion. The district court ultimately granted Appellee's motion, dismissing the certification as untimely. The Government appealed, and at the Government's request, the district court stayed its dismissal order pending appeal.

2.

The Eastern District of North Carolina's Reasoning

In evaluating the timeliness of the § 4248 certificate, the district court focused on whether Appellee could properly be considered to be committed to the custody of the Attorney General pursuant to § 4241(d). Ultimately, the district court concluded, "[a]lthough he had been previously committed under § 4241(d), [Appellee] was no longer in the Attorney General's custody pursuant to § 4241(d) when he was certified as sexually dangerous pursuant to § 4248." J.A. 16.

This determination stemmed from the district court's evaluation of Appellee's § 4241(d) commitment periods. The district court concluded that the statutory four month window following Appellee's December 2016 initial § 4241(d)(1) incompetency

11

determination had ended April 16, 2017. The district court further concluded that Appellee's second commitment period was also subject to a four month limitation, so that period -- which began with the District of Maryland's September 12, 2017 order -- expired January 12, 2018. As the district court observed, more than *two years* passed between the four month expiration of Appellee's first commitment period on April 16, 2017, and his ultimate § 4248 certification on June 11, 2019, and more than *sixteen months* passed between the end of his second commitment period on January 12, 2018, and the June 2019 certification. Importantly, "at the end of" neither "time period specified" -- the four month initial commitment or the specified restoration period thereafter -- did the Government initiate its § 4246 or § 4248 proceedings. *See* 18 U.S.C. § 4241(d) ("If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.").[5]

Taking all of this into account, the district court concluded the Government's § 4248 certificate was untimely. The district court reasoned that, because Appellee was not in BOP custody and his charges remained pending, Appellee could only be subject to the § 4248(a) filing if he was a person "who has been committed to the custody of the Attorney General pursuant to section 4241(d)." 18 U.S.C. § 4248(a). Thus, the district court

---

[5] Attached hereto is a timeline chart depicting the various periods to which the district court refers. This chart illustrates key dates and time frames in Appellee's case, as well as the process and timing of the 18 U.S.C. § 4241 and § 4248 proceedings as set forth in statute.

12

concluded that because Appellee's initial and subsequent four month periods of commitment to the Attorney General's custody had both lapsed before the § 4248 filing in his case, the certification when filed "was well-stale under either of the District of Maryland's [§ 4241(d) commitment] orders."  J.A. 17.

The district court further reasoned that the Government's argument that Appellee was still subject to a commitment order, despite the expiration of the allotted four month commitment windows, was based on an erroneous reading of § 4248.  In this regard, the district court perceived the Government to argue that § 4248 certification was available for "anyone who, at any time, was committed under § 4241(d) for competency restoration," irrespective of whether that period of commitment had elapsed.  J.A. 17.  In rejecting the Government's argument, the district court cited the seminal Supreme Court holding in *Jackson v. Indiana*, 406 U.S. 715, 733 (1972), which dictates against indefinite civil commitment absent a finding of dangerousness -- and rightly so.

The Government's position is that Appellee's previous commitment to the Attorney General's custody made him eligible for § 4248 proceedings, even if the statutorily defined window had since elapsed.  Of note, the Government does not provide any authority endorsing this position.  The district court disagreed with the Government, emphasizing that the time limits imposed by § 4241(d) cannot be ignored or rendered meaningless by an overbroad reading of § 4248.  Therefore, because the Government failed to certify Appellee as a sexually dangerous person while he was in the Attorney General's custody (per the district court's reading of § 4241(d)), the district court concluded the Government had missed its opportunity to seek such § 4248 certification.

13

3.

## Appellee's Argument on Appeal

On appeal, Appellee reiterates that certifications may only be issued pursuant to § 4248 for the three categories identified therein -- persons in BOP custody, persons committed to the Attorney General's custody pursuant to § 4241(d), or persons whose charges have been dismissed for reasons solely relating to their mental condition.[6] Against this backdrop, Appellee contends -- as the district court held -- his status as a person committed to the Attorney General pursuant to § 4241(d) expired on April 16, 2017 (the end of his initial § 4241(d) four month period) or at the latest, on January 12, 2018 (the expiration of his second "reasonable period" for a determination of whether he could be made competent).

4.

## The Government's Argument on Appeal

The Government counters that, having been committed to the custody of the Attorney General for incompetency proceedings, "[a]t *no* point did [Appellee] cease to be committed to the custody of the Attorney General under § 4241(d)." Gov't Br. 8 (emphasis supplied). According to the Government, the Maryland district court properly committed Appellee to the Attorney General's custody pursuant to § 4241(d), first for his initial

---

[6] We decline Appellee's invitation to issue a pronouncement as to whether 18 U.S.C. § 4248's categories are subject matter jurisdictional, as this issue is not squarely before us based on the record below and is not essential to our decision. *See United States v. Welsh*, 879 F.3d 530, 535 (4th Cir. 2018) (declining to decide whether § 4248(a)'s categories are jurisdictional because the nature of the categories did not affect the outcome).

competency evaluation in December 2016 and again in September 2017 for further competency review. And, in the Government's view, when the Unrestorability Determination ultimately was issued on December 13, 2018, Appellee was still properly in the Attorney General's custody and became subject to § 4248, whereupon the Government timely filed its certification on June 11, 2019. Thus, the Government contends, "under the terms of the statute, [Appellee]'s status as a person committed to the custody of the Attorney General under § 4241(d) has not yet ended." *Id.* at 9.

The Government repeatedly stresses, "[a]n individual remains committed to the custody of the Attorney General under § 4241(d) until he regains competency or until the charges against him are dismissed." Gov't Br. 10 (citing 18 U.S.C. § 4241(d)(2)). Not only does the Government fail to provide any support in the case law for this position, but notably, this description ignores a key portion of the statute's language, which authorizes the Attorney General to hospitalize the defendant only "*for an additional reasonable period of time* until -- (A) his mental condition is so improved that trial may proceed . . .; or (B) the pending charges against him are disposed of according to law; whichever is earlier." 18 U.S.C. § 4241(d)(2) (emphasis supplied).

5.

Custody Status at Time of § 4248 Certificate's Filing

Even excusing the multiple earlier lapses of four month periods that were the focus of the district court's dismissal order, Appellee could only be considered properly in the custody of the Attorney General "for an additional reasonable period of time until . . . the pending charges against him are disposed of according to law." 18 U.S.C. § 4241(d)(2).

15

Otherwise, as explained below, we cannot identify a limiting principle that would keep Appellee's custodial confinement from being indefinite as long as his charges were pending. Even if the delays prior to the Unrestorability Determination are explainable and the periods of those delays were reasonable, Appellee's continued confinement between the Unrestorability Determination and the § 4248 certificate's filing must also be limited to a reasonable period. Otherwise, Appellee cannot be properly considered within the Attorney General's custody at the time the certificate was filed, even if Appellee's earlier § 4241(d) hospitalizations proceeded in a timely way. Therefore, the crucial window of time for our analysis covers the period from the filing of the Unrestorability Determination on December 13, 2018, to the filing of the § 4248 certificate on June 11, 2019 -- a period of approximately six months.

## II.

We turn now to our statutory analysis of the provisions at play here. As with all statutory interpretation questions, "[w]e start as we must with the plain language of the statute because 'when the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms.'" *Lynch v. Jackson*, 853 F.3d 116, 121 (4th Cir. 2017) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)). Still, "language is not read in isolation, rather 'it is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *Id.* (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)). When interpreting the plain language, we consider "the specific context in which

16

the language is used, and the broader context of the statute as a whole." *Hurlburt v. Black*, 925 F.3d 154, 158 (4th Cir. 2019) (en banc) (internal quotation marks omitted).

With these principles in mind, we set out to determine whether the Government's § 4248 certification was timely filed -- namely, whether Appellee was, at the time of the filing, properly subject to its provisions as a person who "has been committed to the custody of the Attorney General pursuant to section 4241(d)."[7]  18 U.S.C. § 4248(a).

A.

Period for Filing a § 4248 Certification

1.

Statutory Language

The Government's argument that Appellee was *still* committed to the custody of the Attorney General for hospitalization pursuant to § 4241 at the time of the § 4248 certificate's filing is in tension with the statutory language of § 4241(d), which provides that a defendant becomes subject to § 4248 "*at the end* of the time period specified" (being the § 4241(d) commitment period).  18 U.S.C. § 4241(d).  On one hand, this language could lend itself to a reading that the § 4248 certification could *only* be filed at the close -- i.e. *after* the lapse -- of the statutory evaluation period identified in § 4241(d).  Such a reading would support the Government's position that the "has been committed" language in

---

[7] As noted above, 18 U.S.C. § 4248 also authorizes the government to certify as a sexually dangerous person an individual in BOP custody or whose charges have been dismissed exclusively due to his or her mental condition.  But, on appeal, the parties do not contend that Appellee is eligible for certification for either of these reasons.

§ 4248 refers to a person *who was at one point* committed to the Attorney General's custody, irrespective of whether the person currently remains in the window of time provided in § 4241(d).

On the other hand, "at the end" might only mean "as the end is arriving," such that the requisite certification may not need to be sent instantaneously at the time a defendant's custodial period is expiring but could be filed earlier or later than that moment, within reason. In grappling with this analysis, § 4248's present perfect tense -- "has been committed" -- is not especially helpful, because it can be used both to describe something that started in the past and continued to the present *or* an action that was completed in the past but has present consequences.

The parties' arguments do not confront this issue head on. But we have previously expressed that "the government may only seek to certify someone as a sexually dangerous person if the person *is* (1) in the custody of the Bureau of Prisons, (2) committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d), or (3) someone against whom all criminal charges have been dismissed solely for reasons relating to mental health." *United States v. Searcy*, 880 F.3d 116, 122 (4th Cir. 2018) (emphasis supplied). This language implies that our reading of § 4248's language is that an eligible person *is presently* committed to the Attorney General's custody, as opposed to a person who has *previously* been committed, even if their period of hospitalization has ended. Indeed, in our prior evaluations of § 4248, we have explained, "[e]ach of the conditions under § 4248 requires some sort of government control or custody over the person it seeks to commit . .

18

. . ," strongly implying that the custodial authority over a defendant need be active and legitimate for § 4248 to apply. *Searcy*, 880 F.3d at 122 n.2.

2.

Consistency with Precedent

In *United States v. Searcy*, we indicated that our civil commitment framework "imposes a clear start and end point during which the government must initiate civil commitment proceedings: the period of time in which that person is in the custody of the federal government." 880 F.3d at 122. The proper reading of both § 4248's "has been committed" language and § 4241(d)'s "at the end of the time period" should be logically consistent with this reasoning. If we were to accept a reading that allowed § 4248 proceedings to go forward against a person whose time-limited commitment to the custody of the Attorney General for treatment had ended, we would abandon the concept expressed in *Searcy* that the certification is available for one who "is" in the Attorney General's custody and that the period available for such commitment to be instituted is only that period during which a person is legitimately confined. *Searcy*, 880 F.3d at 122. We decline to do so.

As we noted in *Searcy*, "civil commitment is not some indefinite threat unmoored in time." 880 F.3d at 122. Rather, we held, "the statutory requirement that a civil commitment proceeding be initiated against a person while he is in federal custody amounts to a de facto statute of limitations that provides the same finality and certainty as a conventional limitation." *Id.* at 124. Thus, the window to file a § 4248 certification cannot be unlimited. "[T]he timing of a civil commitment proceeding" is provided by "the custody

19

requirement of the civil commitment statute." *Id.* It logically follows then, as the district court held, that a § 4248 certificate filed against a defendant who is no longer legally committed to the Attorney General's custody is untimely.

3.

Consistency with Sister Circuits

The conclusion that § 4248 certification must occur during the Attorney General's time-limited custody over Appellee is further supported by the concurring conclusions of our sister circuits that the government lacks authority to confine a defendant beyond the specific period provided by the statute. *See United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990) (explaining that § 4241 limits confinement for the purpose of determining restorability to a reasonable period of no longer than four months); *United States v. Baker*, 807 F.2d 1315, 1320 (6th Cir. 1986) (explaining, where a defendant's § 4241 confinement "was clearly in excess of four months, and there is nothing in the record to indicate that his period of confinement was properly extended," the court must hold "there was no authority to confine [him] beyond the four months authorized by § 4241(d)"). As our sister circuits have concluded, any additional period of confinement beyond the initial four month § 4241(d)(1) hospitalization to address competency depends on the finding of an additional justification in either § 4241(d)(2) or the initiation of a civil commitment proceeding pursuant to the relevant statute (here, § 4248). *See Donofrio*, 896 F.2d at 1303; *Baker*, 807 F.2d at 1325.

20

4.

Conclusion as to Relevant Period for Filing a § 4248 Certificate

Therefore, we conclude the Government was required to certify Appellee as a "sexually dangerous person," if it wanted to do so, before his period of commitment to the Attorney General's custody for treatment had ended.  Per § 4241(d)(2)(B), the continued hospitalization of a person for whom the court does not believe restoration is possible may last only "for an additional reasonable period of time until -- (B) the pending charges against him are disposed of according to law."[8]

---

[8] In its shorthand explanations of 18 U.S.C. § 4241(d)(2)(B), the Government's briefing characterizes this time frame as being "until the charges against him are dismissed."  Gov't Br. 10.  Though Appellee does not contest this framing, we note that the actual statutory language of § 4241(d) does not require that the charges be "dismissed," but rather that they be "disposed of according to law."  18 U.S.C. § 4241(d)(2)(B).

Our court has not yet defined "disposed of" in § 4241(d), but at least one district court in our circuit has concluded that "disposed of" and "dismissed" are synonymous in this context.  *See United States v. Banks*, No. 1:13-cr-00046, 2015 WL 5307987, at *2 (W.D. Va. Sept. 10, 2015).  Because we conclude that the length of Appellee's hospitalization was unreasonable, we need not adopt a particular view on the definition of "disposed of" as applied in this case.  That is, even if we were to agree with the Government that the Unrestorability Determination did not "dispose[] of" Appellee's charges, the Government could only further retain him in custody for a reasonable period of time.  But, here, the Government held Appellee for an unreasonable time and its § 4248 certification was therefore untimely.

B.

The Reasonableness Requirement

1.

Statutory Language

Significantly, the Government's arguments largely ignore the language of § 4241(d)(2) requiring that the additional period of commitment for competency evaluation of a person whose charges are pending be "reasonable." But the outcome of this case ultimately hinges on this reasonableness requirement. The district court correctly concluded that the § 4248 filing was only timely if Appellee was properly committed to the custody of the Attorney General in June 2019. Though his charges were still pending at that time, if Appellee's ongoing hospitalization went beyond "an additional reasonable period of time," the § 4248 certificate was not properly submitted for a person committed to the custody of the Attorney General pursuant to § 4241(d). *See* 18 U.S.C. § 4241(d)(2)(B) (limiting commitment to the Attorney General's § 4241(d) custody over a defendant to "an additional reasonable period of time until . . . the pending charges against him are disposed of according to law").

The reasonableness requirement is written into the applicable provisions defining the period of commitment pursuant to § 4241(d). Specifically, the statute does *not* say "for an additional reasonable period of time until his condition has improved *or* until the pending charges are disposed of." To the contrary, the position of the "additional reasonable period of time" as item (2) of § 4241(d), with the "mental condition improvement" and "pending charges" provisions appearing as subparts (A) and (B) below

22

it, undeniably indicates that Congress meant the reasonableness requirement to apply to both options.

2.

<u>Consistency with Precedent</u>

Even absent this reasonableness language, the reasonableness requirement is enshrined in the constitutional protections against indefinite commitments. *See Jackson v. Indiana*, 406 U.S. 715, 738 (1972) ("[A] person . . . who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future."). And, as the district court acknowledged, the Government's argument that § 4248 applies to anyone at any point properly committed to custody -- without regard for the time limitations in § 4241(d) -- flies in the face of the constitutional dictate against indefinite commitment. *See id.* If we were to find, as the Government suggests, that an individual is committed to the custody of the Attorney General and can be made subject to § 4248 proceedings at any time until the individual's charges are dismissed, we would effectively authorize indefinite commitment. Our constitutional framework and the statute's language forbid this result: any custodial commitment to the Attorney General is limited to a "reasonable period of time." 18 U.S.C. § 4241(d).

The "reasonableness" language in § 4241(d) merely codifies the requirement asserted in *Jackson v. Indiana*, that our constitutional principles "impose[] a 'rule of reasonableness'" on federal civil commitment procedures. 406 U.S. at 733; *see* S. Rep.

23

No. 98-225, at 236, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3418. There, the Supreme Court held, "[w]ithout a finding of dangerousness, one committed thereunder can be held only for a 'reasonable period of time' necessary to determine whether there is a substantial chance of his attaining the capacity to stand trial in the foreseeable future." *."* *Jackson*, 406 U.S. at 733. As the Court explained, "[i]f the chances are slight, or if the defendant does not in fact improve, then he must be released or granted a [dangerousness] hearing." *Id.*

It simply cannot be the case that any length of time during which charges are pending can define the period of confinement of an individual whose unrestorability prevents trial. If that were the case, the "reasonable time period" limitation applying to the "pending charges" subpart of § 4241(d)(2) would be meaningless. And "it is well-settled that 'courts should disfavor interpretations of statutes that render language superfluous.'" *In re Wright*, 826 F.3d 774, 781 (4th Cir. 2016) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992)). We will not disregard the reasonableness requirement located in the statute's language and our precedent. Therefore, we evaluate whether the period of Appellee's detention between his Unrestorability Determination in December 2018 and his certification in June 2019 was reasonable in length.

3.

Additional Statutory and Precedential Context

As noted above, as with any evaluation of statutory language, we must interpret the words "additional reasonable period of time" in § 4241(d)(2) "in their context and with a view to their place in the overall statutory scheme." *Lynch*, 853 F.3d at 121 (quoting *Davis*,

24

489 U.S. at 809). The central motivating factors behind § 4241(d) and the accompanying civil commitment procedures for individuals found to be incompetent thereunder are (i) protection of the defendant's rights and (ii) protection of the public. *See Searcy*, 880 F.3d at 119–121; *United States v. Timms*, 664 F.3d 436, 451–52 (4th Cir. 2012). The "reasonable" amount of a time a person may be further hospitalized after incompetency and unrestorability findings must therefore take into account the threat potentially posed to the community.

However, our precedent supports a relatively tight window for filing certifications. In *United States v. Timms*, a defendant subject to § 4248 proceedings faced a substantial delay in the resolution of his "sexually dangerous person" designation. 664 F.3d at 453. The defendant complained that the delay -- during which he remained in government custody absent pending charges or an ultimate dangerousness determination -- violated his constitutional rights. *Id.* at 443. There, we approved of a § 4248 certification filed "just under three weeks before" the defendant's expected release, even though that timing meant the defendant remained in custody after his expected release date while he waited for his § 4248 hearing. *Id.* at 453 n.14. However, we stressed the unique factors at work in *Timms* -- namely that § 4248 was a relatively new statute at the time and had been undergoing numerous constitutional challenges that warranted holding the defendant's case in abeyance for a long period, to which his counsel had expressly consented. *See id.* at 452, 453 n.14. The panel expressed concern, however, that "§ 4248 certifications continue to, in particular circumstances, take place mere days before an individual's expected release date from criminal incarceration." *Id.* at 453 n.14. "Now that § 4248's constitutionality

has been resolved and the backlog of commitment hearings are working their way through the judicial system, the Government *must strive to certify individuals in sufficient time to minimize the delay between an anticipated release date and the § 4248 hearing*." *Id.* (emphasis supplied).

This principle should apply with equal -- if not greater -- force in the case of individuals, such as Appellee, who have not been convicted of a crime. When the government has in its custody an individual whose incapacity renders him unable to stand trial and therefore eventually subject either to possible release or civil commitment, we expect the government to "strive to certify" individuals in a time frame that eliminates or at least minimizes the time spent as an incompetent, unrestorable person waiting for a § 4248 determination. *Timms*, 664 F.3d at 453 n.14. This principle aligns with the § 4241(d) commitment provisions because it suggests a limiting principle for the § 4241(d)(2)(B) "until . . . the pending charges against him are disposed of according to law" period. That "reasonable period of time" should not be so short as to not accord the government reasonable time to seek and file certification of a person pursuant to §§ 4246 or 4248, but it should only be so long as to allow for reasonable explainable administrative delays in that certification process. *See Timms*, 664 F.3d at 453 n.14 ("[I]t may be that a substantial and unjustified delay between those periods" -- anticipated release and certification -- "could be appropriately attributed to the [g]overnment such that it constitutes a due process violation in a future case.")

In *Timms*, we repeated an admonishment from earlier precedent stressing that §§ 4241 and 4248 proceedings should "move forward with dispatch and not further

exacerbate the grim delay in achieving the resolution of these matters." *Timms*, 664 F.3d at 453 n.14 (quoting *United States v. Broncheau*, 645 F.3d 676, 687 n.10 (4th Cir. 2011)). Thus, our precedent directs us to strictly construe the window of time in which the government is expected to file a timely § 4248 certification.

4.

Conclusion as to Reasonableness

Based on the record before us, we hold that a six month delay between the Unrestorability Determination and the certification's filing was not reasonable. The Government did not provide an adequate explanation of any physical, behavioral, or administrative obstacles to the BOP's evaluation of Appellee or the filing of the § 4248 certification. The Government's reasoning is basically that it was too difficult to conclude Appellee's evaluation in a timely manner. This is not a sufficient explanation.

We read all statutory language in its context, *Lynch*, 853 F.3d at 121, and the statutory framework at issue here provides only a four month window to fully determine whether there is a substantial probability that a person's competency can be restored pursuant to § 4241(d)(1). There is no reason why a period one-and-a-half times as long is needed to determine whether to request the court's § 4248 determination of sexual dangerousness for a person already subject to the government's observation and control pursuant to § 4241(d)(2).

At base, the Government has offered very little by way of explanation as to why the six month period of time between Appellee's December 2018 Unrestorability Determination and the § 4248 certificate's filing in June 2019 was reasonable. Indeed,

27

when questioned about this at oral argument, the Government merely clarified that some portion of the delay prior to the § 4248 certification could be attributed to Appellee's travel time to North Carolina, as his § 4248 evaluation did not commence until he arrived at the medical facility there. Otherwise, the Government struggled to explain why the evaluation of whether Appellee was "a person who has engaged or attempted to engage in sexually violent conduct or child molestation and who is sexually dangerous to others," 18 U.S.C. § 4247(a)(5), required him to be held -- unrestorable and unable to stand trial -- for six months until the Government finally got around to initiating the § 4248 proceedings. The delay is especially confusing in light of the circumstances of this case. Given the fact that the Government already purportedly possessed evidence that Appellee attempted to engage in sexually violent conduct (as detailed in his indictment), only the "sexually dangerous" portion of the § 4248 analysis remained to be completed. *Id.* Nothing in the record or arguments before us explains how the six month delay in this case could be justified by the Government's need to complete the § 4248 analysis of a person who has been under their complete control for the previous two years.

## III.

Per all relevant statutes, once the Maryland district court determined Appellee was incompetent to stand trial, Appellee could remain committed to the Attorney General for only an additional *reasonable* period of time until his charges were disposed of in accordance with law. Absent a creditable explanation of the reasonableness of Appellee's commitment post-December 2018 -- two years after his initial commitment and six full months after the Unrestorability Determination -- the statutory language and our precedent

28

in *Searcy* and *Timms* compel us to hold that Appellee could no longer be considered legitimately committed to the Attorney General's custody in June 2019. Therefore, the § 4248 certification filed against him was untimely.

Accordingly, the district court order of dismissal below is

*AFFIRMED*.

Appendix

# TIMELINE CHART



**Appellee's Process & Timing**

**March 15, 2016**
Appellee is charged by indictment in D.Md

**April 2016**
Appellee pled not guilty

**May 26, 2016**
MD district court commits Appellee to custody of AG for reasonable period not to exceed <u>30 days</u> for competency evaluation; possible 15-day extension

**December 16, 2016**
MD district court holds competency hearing, finds Appellee not competent; commits him to AG's custody "**pursuant to 18 U.S.C. § 4241(d)**" – not to exceed <u>four months</u> – to determine probability of restoration to competency

**June 20, 2017**
Appellee's counsel asks for extension to July to propose schedule for competency hearing
---
**July 11, 2017**
Appellee's counsel requests the competency hearing; hearing is calendared for August

**September 12, 2017**
MD district court finds Appellee remains incompetent, but holds there is substantial probability of restoration to competency – commits him to AG's custody "**pursuant to 18 U.S.C. § 4241**" -- not to exceed <u>four months</u>

**July 9 & 13, 2018**
MD district court holds competency hearings

**December 13, 2018**
MD district court ultimately finds Appellee incompetent *and* unrestorable; announces it will "conduct further proceedings," "subject to . . . 18 U.S.C. §§ 4246 and 4248"; requests status report in 10 days

**December 19, 2018**
Government indicates Appellee will be transferred to BOP facility for evaluation; MD district court purports to commit him to AG's custody for §§ 4246(a) and 4248 determinations

**June 11, 2019**
Government files § 4248 certificate in E.D.N.C.

< 204 days >    < 7 mo. >    < 2 mo. >    < 10 mo. >    < 5 mo. >    < 6 mo.>

Should have been **45 days or less**, per district court order

Should have been **4 mo. or less** per 18 U.S.C. § 4241(d)(1)

Should have been **4 mo. or less**, per MD district court order and 18 U.S.C. § 4241(d)(2)(A). At maximum, must have been "reasonable period of time"

**18 U.S.C. §§ 4241 & 4248 Process & Timing**

Initial incompetency determination
§ 4241(d)

Committed to custody of AG "for such a reasonable period . . . not to exceed <u>four months</u>"
§ 4241(d)(1)

Determination re: substantial probability of restorability in foreseeable future

Committed to custody of AG "for an <u>additional reasonable period of time</u>" until (A) restored, if court found this likely, or (B) pending charges are disposed of.
§ 4241(d)(2)

"If, at end of the time period specified," defendant's condition has not improved, he is subject to §§ 4246 and 4248.
§ 4241(d)