**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6385**

UNITED STATES OF AMERICA,

Petitioner – Appellee,

v.

DUANE LETROY BERRY,

Respondent – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:20−hc−02085−M)

Argued:  May 7, 2025                    Decided:  June 24, 2025

Before WILKINSON and KING, Circuit Judges, and Matthew J. MADDOX, United States District Judge for the District of Maryland, sitting by designation.

Affirmed by published opinion. Judge Wilkinson wrote the opinion, in which Judge King and Judge Maddox joined.

**ARGUED:**  Amanda NeCole Allen, HOGAN LOVELLS US LLP, Washington, D.C., for Appellant.  Genna Danelle Petre, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:**  Catherine E. Stetson, James McEntee, Melissa Giangrande Jacobs, Lazaro Zamora, Soojin Jeong, HOGAN LOVELLS US LLP, Washington, D.C., for Appellant.  Michael F. Easley, Jr., United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

WILKINSON, Circuit Judge:

This case involves two interconnected civil commitment statutes—18 U.S.C. § 4241 and 18 U.S.C. § 4246. Section 4241 permits a federal court to commit a mentally incompetent criminal defendant to determine if his competency can be restored so that he may stand trial. *See* 18 U.S.C. § 4241(d). Section 4246 allows a federal court to commit a person (1) whose federal sentence is about to expire, (2) who is in custody under § 4241, or (3) whose federal charges have been dismissed, if his release would pose a substantial danger to the public. *See* 18 U.S.C. § 4246(a).

Appellant Duane Berry was committed to the government's custody under § 4241 for a competency evaluation. When it became clear that his competency could not be restored, a district court dismissed the charges against him. The government then moved to certify Berry as a dangerous person under § 4246, and another district court granted the motion. On appeal, Berry argues that the certification was invalid because he did not fall into any of the three categories of people eligible for commitment under § 4246. Because we conclude that Berry was in custody under § 4241 at the time of his certification under § 4246, we affirm. While the civil commitment scheme is a bit of a tangle, and the procedural history of this case is lengthy and involved, we are satisfied that the statutory provisions have been faithfully followed by the relevant authorities.

I.

A.

Section 4241 establishes a multi-step process for assessing a defendant's competency. The court must first determine whether there is "reasonable cause to believe

2

that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent." 11 U.S.C. § 4241(a). If so, it must schedule a hearing "to determine the mental competency of the defendant." *Id.* At any time before the hearing, the court may "order that a psychiatric or psychological examination of the defendant be conducted." 18 U.S.C. § 4241(b). It may also commit the defendant to a "suitable facility" for a "reasonable period, but not to exceed thirty days," to complete that evaluation. 18 U.S.C. § 4247(b). The facility's director "may apply for a reasonable extension, but not to exceed fifteen days . . . upon a showing of good cause." *Id.*

After the hearing, if the court finds by a preponderance of the evidence that the defendant is incompetent, it "shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d). The Attorney General must then "hospitalize the defendant for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months," to assess whether there is a "substantial probability" of restoring competency. 18 U.S.C. § 4241(d)(1). If necessary, the court may hospitalize the defendant "for an additional reasonable period of time until" either "(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward," or "(B) the pending charges against him are disposed of according to law; whichever is earlier." 18 U.S.C. § 4241(d)(2). The statute finally provides that "[i]f, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of section[] 4246." 18 U.S.C. § 4241(d).

3

Section 4246, in turn, establishes a process for hospitalizing dangerous individuals who would otherwise be released from the federal system. An individual can be committed under § 4246 if he is (1) "a person in the custody of the Bureau of Prisons whose sentence is about to expire," (2) a person "committed to the custody of the Attorney General pursuant to section 4241(d)," or (3) a person "against whom all criminal charges have been dismissed solely for reasons related to [his] mental condition." 18 U.S.C. § 4246(a). If one of those conditions is met, "the director of a facility in which [the] person is hospitalized" may initiate commitment proceedings by certifying that the person is "suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property." *Id.* The court must then "stay the release of the person" from federal custody and "order a hearing" to review the director's determination. *Id.*

As with § 4241, a court may order a psychological evaluation of a person under § 4246. 18 U.S.C. § 4246(b). A person may be committed "for a reasonable period, but not to exceed forty-five days," to conduct this evaluation, and a facility director can apply for an extension "not to exceed thirty days" if he shows "good cause." 18 U.S.C. 4247(b). After the hearing, the court must commit the individual if it "finds by clear and convincing evidence" that he suffers from a mental disease and would pose a risk of bodily injury or property damage if released. 18 U.S.C. § 4246(d). The Attorney General must then hospitalize the person in a federal treatment facility unless or until a state facility will assume responsibility for the individual or until the person is no longer dangerous. *See* 18 U.S.C. § 4246(d), (e).

4

B.

In November 2015, a federal grand jury indicted Duane Berry in the Eastern District of Michigan for knowingly conveying false information or hoaxes in violation of 18 U.S.C. § 1038(a). Specifically, Berry was accused of planting a fake bomb outside the Guardian Building in Detroit, where many corporate employees for the Bank of America work. The criminal complaint alleged that the fake bomb had black and red wires protruding from it and was covered by a white sheet. When a bomb squad removed the sheet, they found a motion detector, a piece of paper stating "Attention!!! Fore Closed Bank of America," and numerous documents related to an ongoing dispute between Berry and Bank of America. *See* Indictment and Criminal Complaint, *United States v. Berry*, No. 2:15-cr-20743 (E.D. Mich. 2015).

In December 2015, the Michigan district court found there was reasonable cause to believe Berry was mentally incompetent to stand trial. It accordingly ordered a psychological examination and scheduled a competency hearing pursuant to § 4241. After the psychologist testified that Berry suffers from delusional disorder, the court found Berry incompetent and committed him to the custody of the Attorney General under § 4241(d)(1) in an August 2016 order. Berry was subsequently admitted to the Federal Medical Center in Butner, North Carolina, on October 3, 2016. *See* Order Granting Motion for Competency Evaluation, Order of Commitment, & D.E. 52, *United States v. Berry*, No. 2:15-cr-20743 (E.D. Mich. 2015, 2016).

After Berry was evaluated at FMC Butner, the facility submitted a report stating that although he remained incompetent, his competency might be restored if he took

5

antipsychotic medication. Because Berry refused this medication, the district court ordered that the medication be administered to Berry involuntarily. This precipitated much litigation and an appeal to the Sixth Circuit. The Sixth Circuit eventually vacated the district court's involuntary medication order in December 2018. *See* Order Authorizing Administration of Medication, *United States v. Berry*, No. 2:15-cr-20743 (E.D. Mich. 2017); *United States v. Berry*, 911 F.3d 354, 366 (6th Cir. 2018).

Following the Sixth Circuit's decision, the Michigan district court ordered a new competency evaluation under § 4241 due to the significant passage of time since the initial evaluation. After a psychologist testified that Berry continued to suffer from delusional disorder, the court issued a new order on September 6, 2019, committing him to the Federal Medical Center in Forth Worth, Texas, for a reasonable period not to exceed four months to determine anew if his competency could be restored. *See* 18 U.S.C. § 4241(d)(1) (authorizing such an order). On December 17, 2019, well before that four-month period expired, the district court concluded that Berry's competency could not be restored and granted the government's motion to dismiss the charges. But because the court was concerned that Berry's release "would create a substantial risk of bodily injury" or "serious damage to property of another," it also ordered that Berry be committed for a psychological evaluation under § 4246. *See* Order for Competency Evaluation & Second Order of Commitment, *United States v. Berry*, No. 2:15-cr-20743 (E.D. Mich. 2019).

Shortly after the Michigan district court's order, Berry was placed on a waiting list to be evaluated at FMC Butner. At the time, Butner was one of only two facilities nationwide that was equipped to conduct § 4246 evaluations, and it was inundated with a

6

backlog of cases. It was also experiencing a staffing shortage and was subject to numerous time-consuming restrictions related to the COVID-19 pandemic. Berry was eventually admitted to Butner on March 18, 2020. Shortly after Berry arrived, the Michigan district court granted the facility director's request for a 30-day extension to complete the dangerousness assessment. On April 30, 2020, Butner submitted a lengthy report detailing its conclusion that Berry's release would create "a significant risk of harm to others due to his mental illness." J.A. 162. Shortly thereafter, on May 21, 2020, the government filed a certificate from Butner's director in the Eastern District of North Carolina. *See* 18 U.S.C § 4246(a) (requiring that the certificate be filed in "the district in which the person is confined"). In accordance with § 4246(a), the North Carolina district court stayed Berry's release from federal custody and scheduled a hearing to determine if he met § 4246's requirements. J.A. 13–17, 71–75; S.J.A. 145.

After extensive litigation, the North Carolina district court determined that Berry met the requirements to be committed under § 4246. It first held that Berry was a qualified person under § 4246(a) because he was "committed to the custody of the Attorney General pursuant to section 4241(d)" when the Michigan district court ordered an evaluation under § 4246. J.A. 122 (quoting 18 U.S.C. § 4246(a)). The court then conducted a hearing and found by clear and convincing evidence that his "release to the community would pose a substantial risk of serious damage to the property of another" given his untreated mental illness. S.J.A. 202. As a result, the court committed Berry to the custody of the Attorney General pursuant to § 4246(d). J.A. 142.

Berry timely appealed the district court's decision that he is a qualified person within the meaning of § 4246(a).

## II.

As we have explained, an individual is only qualified to be committed under § 4246(a) if he is (1) "a person in the custody of the Bureau of Prisons whose sentence is about to expire," (2) a person "who has been committed to the custody of the Attorney General pursuant to section 4241(d)," or (3) a person "against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person." 18 U.S.C. § 4246(a). Berry argues on appeal that only the dismissed charges category applies to him and, further, that the dismissed charges category is unconstitutional under *United States v. Comstock*, 560 U.S. 126 (2010), because the federal government lacks the power to civilly commit individuals who are no longer in its legal custody.

We disagree with Berry's premise. We hold that Berry is a qualified person under § 4246(a) because he was "committed to the custody of the Attorney General pursuant to section 4241(d)" when the § 4246 proceedings began. Because Berry only needs to fall within one § 4246(a) category to be validly committed, we need not consider whether it would be constitutional to commit him under the dismissed charges category.

Berry argues that he was not within the "custody of the Attorney General pursuant to section 4241(d)" for two reasons. First, he claims the delay between the district court's decision that his competency could not be restored in December 2019 and the filing of a § 4246 certificate in May 2020 was so long that it effectively ended his custody under § 4241. Second, he argues that both of his § 4241 commitment orders had expired by the

8

time the government filed the § 4246 certification. *See United States v. Wayda*, 966 F.3d 294, 305 (4th Cir. 2020) (holding that "committed to the custody of the Attorney General" means that the person must be "*legally* committed to the Attorney General's custody" (emphasis added)).

Neither argument passes muster. We begin with Berry's claim that the government waited too long to file the § 4246 certificate. In *Wayda*, we held that any delay between the district court's unrestorability determination and the filing of a § 4246 certificate must "be limited to a reasonable period."[1] 966 F.3d at 303. Whether a delay is reasonable depends on whether the government "provide[s] an adequate explanation of any physical, behavioral, or administrative obstacles to the BOP's evaluation" of the person to be committed. *Id.* at 308.

The government's explanation here is more than adequate. The district court found that Berry was unrestorable under § 4241 on December 17, 2019, and the government filed the § 4246 certificate on May 21, 2020—meaning five months passed between the unrestorability determination and the filing of the § 4246 certificate. As we have explained, this delay was due to a range of administrative challenges that the government was confronting at the time. FMC Butner was one of only two facilities in the country capable of conducting a § 4246 dangerousness evaluation, and both facilities had lengthy waiting

---

[1] Although *Wayda* addressed the timeliness of a certificate filed under § 4248, which governs the commitment of sexually dangerous individuals, its reasoning applies equally to § 4246. The two provisions are nearly identical in structure and language, differing only in the category of dangerousness at issue.

lists. In addition, Berry's dangerousness evaluation at FMC Butner in March 2020 coincided with the beginning of the COVID-19 pandemic, which caused additional delays due to staffing shortages, long quarantine periods for new admittees, and the need to comply with various safety protocols. Despite all this, the government still managed to evaluate Berry and file a § 4246 certificate within a few months. As we held in *United States v. Curbow*, 16 F.4th 92, 112 (4th Cir. 2021), the statute envisions that the government should act with "reasonable speed." It does not compel the government to act "in the quickest possible manner." *Id.* The government did all that it reasonably could given the circumstances here, and § 4246 requires no more.

Berry's argument that the § 4241 commitment orders had expired fares no better than his first argument. He gives three reasons in support. First, Berry claims that the initial custody order expired at the latest by February 2017, four months after his initial commitment to FMC Butner, because the court never explicitly extended his commitment "for an additional reasonable period of time" beyond the initial four months authorized by statute. 18 U.S.C. § 4241(d)(1), (2). This point is irrelevant. Regardless of whether the district court properly extended the initial order, it was superseded when the court issued its second commitment order. The pertinent question is whether Berry was "committed to the custody of the Attorney General" when the government filed the § 4246 certificate. The answer to that question turns on the validity of the order then in effect—not on whether there was some alleged lapse in custody in a long defunct order.

Berry next argues that the second custody order was invalid from the outset because the court failed to make the required finding that commitment was "necessary to determine

10

whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). But the statute requires a substantial probability finding only when the court *extends* the defendant's commitment for "an additional reasonable period of time" beyond the initial four-month period. *See* 18 U.S.C. § 4241(d)(2). No such finding is required when the court commits the defendant for the standard "reasonable period of time, not to exceed four months," authorized by statute. 18 U.S.C. § 4241(d)(1). The second custody order was plainly a new order, not an extension of the old one. Not only was it styled "Second Order of Commitment," but it came after the court spent months meticulously marching through the entire § 4241 process anew and conforming with the relevant procedural requirements. The court ordered a fresh psychological evaluation, held another hearing, and issued a new opinion finding the defendant incompetent. Nothing in the statute's text prohibited the district court from issuing a new commitment order. And with three years having passed since the first order, the court had every reason to initiate fresh commitment proceedings in light of the changed circumstances.

Berry finally contends that even if the second order was valid it nonetheless expired under the statute when the "charges against him [were] disposed of according to law"—an event which occurred months before the § 4246 certificate was filed. 18 U.S.C. § 4241(d)(2). This argument relies on a misreading of the statute. Section 4241(d)(2) says that a court may extend the hospitalization of a defendant for "an additional reasonable period of time" if there is a "substantial probability" of restoring his competency. 18 U.S.C. § 4241(d)(2). It then provides that this "additional reasonable period of time" for restoring

11

competency must end if "the pending charges against him are disposed of according to law." *Id.* What it does not say is that any kind of custody under § 4241 for any purpose ends altogether. That reading would be indefensible for multiple reasons. For one, the purpose of § 4246 is to protect the public from dangerous individuals suffering from a mental illness. *See Comstock*, 560 U.S. at 139–40. It would make little sense to interpret the statute to require the release of dangerous, mentally incompetent individuals the moment their charges are dismissed without affording the government a reasonable opportunity to seek certification under § 4246.

For another, § 4241(d) specifically provides that "[i]f, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of section[] 4246." 18 U.S.C. § 4241(d). Berry's reading would effectively delete this provision from the statute. If the government can no longer maintain custody under § 4241 for any purpose once charges are dismissed, the defendant could not be "subject to the provisions of section 4246" at the end of his hospitalization because the government would have no opportunity to conduct a dangerousness evaluation or prepare the required certification. Section 4241(d)'s cross-reference to § 4246 must therefore allow the government to maintain custody for some reasonable period of time to determine whether § 4246 commitment is appropriate.

### III.

Congress designed § 4241 and § 4246 to work in tandem—one to assess whether a defendant can be restored to competency and the other to protect the public when he cannot.

12

Berry's attempt to drive a wedge between the two would leave courts powerless to act at the very moment when continued commitment is most necessary. As we have explained, the statutory text and purpose foreclose that result. Because Berry remained in lawful custody under § 4241 at the time the § 4246 certificate was filed, the district court acted well within its authority in committing him.

For the foregoing reasons, the judgment of the district court is affirmed.

*AFFIRMED*