**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4679**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN ALEXIS HERNANDEZ-GUEVARA, a/k/a Stop,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:17-cr-00382-PX-2)

Submitted: July 30, 2021                                  Decided: September 23, 2021

Before MOTZ and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Brent E. Newton, Gaithersburg, Maryland, for Appellant. Robert K. Hur, United States Attorney, Anatoly Smolkin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Hernandez-Guevara pleaded guilty, pursuant to a written plea agreement, to conspiracy to participate in a racketeering enterprise under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. § 1962(d). The underlying racketeering activity for Hernandez-Guevara's RICO offense included conspiracy to commit first-degree murder, an offense punishable by life imprisonment under Maryland state law. The district court sentenced him to 292 months' imprisonment, within both the Sentencing Guidelines range and the statutory maximum sentence of life imprisonment established by the court. On appeal, Hernandez-Guevara contends that his 292-month sentence exceeds the statutory maximum penalty for RICO conspiracy under § 1962(d). The Government requests that we dismiss the appeal as barred by the appellate waiver in Hernandez-Guevara's plea agreement. For the reasons that follow, we reject Hernandez-Guevara's contention that his sentence exceeds the statutory maximum and dismiss his appeal as barred by his appeal waiver.

Hernandez-Guevara posits that the statutory maximum penalty for RICO conspiracy under § 1962(d) is 20 years, rather than life imprisonment. He relies for his argument on 18 U.S.C. § 1963, RICO's penalty provision, which provides that a higher statutory maximum of life imprisonment is available where the RICO violation is "based on a racketeering activity" that is itself punishable by life imprisonment. *See* 18 U.S.C. § 1963(a). Interpreting the phrase "based on" as applying to the elements of the underlying RICO offense, he contends that the enhanced penalty of life imprisonment applies only if the RICO violation includes, *as an element*, the commission of racketeering activity that

itself would be punishable by life imprisonment, which RICO conspiracy does not. *See United States v. Cornell*, 780 F.3d 616, 621 (4th Cir. 2015) (defining elements of RICO conspiracy under § 1962(d) to include *an agreement* that a conspirator will commit at least two racketeering acts).

Because Hernandez-Guevara did not raise this argument below, we review it only for plain error. *See United States v. Harris*, 890 F.3d 480, 490 (4th Cir. 2018). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 491 (internal quotation marks omitted).

"When interpreting statutes we start with the plain language," giving the words "their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import." *United States v. Joshua*, 607 F.3d 379, 384 (4th Cir. 2010) (internal quotation marks omitted). Thus, we begin with the language of the relevant statutory provisions.

Section 1962(d) makes it unlawful to conspire to violate any of the three substantive RICO provisions set forth in § 1962(a)-(c). Section 1963, RICO's penalty provision, provides that "[w]hoever violates any provision of section 1962 . . . shall be . . . imprisoned not more than 20 years (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment)." 18 U.S.C. § 1963(a). Racketeering activity includes "any act or threat involving murder . . . , which

3

is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1)(A).

We conclude that Hernandez-Guevara's interpretation of § 1963 is inconsistent with the plain meaning of the statute. Hernandez-Guevara fails to cite any authority interpreting the term "based on" in the context of RICO, but instead relies on civil cases interpreting similar terms in other statutes and insurance contracts. However, "language is not read in isolation, rather it is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *United States v. Wayda*, 966 F.3d 294, 303 (4th Cir. 2020) (internal quotation marks omitted). The Supreme Court has cautioned that "identical language may convey varying content when used in different statutes, sometimes even in different provisions of the same statute." *Yates v. United States*, 574 U.S. 528, 537 (2015).

Under Hernandez-Guevara's interpretation, the penalty of life imprisonment would be limited to RICO substantive offenses, and a defendant convicted of a § 1962(d) RICO conspiracy could never be subject to a penalty exceeding 20 years. However, that is not how courts have interpreted the statute. *See*, *e.g.*, *United States v. Brown*, 973 F.3d 667, 710 (7th Cir. 2020) (affirming life sentence for RICO conspiracy and noting that the RICO violation—the conspiracy—was "based on" a murder for which the maximum penalty included life imprisonment), *cert. denied,* 141 S. Ct. 1253 (2021); *United States v. Flores*, 572 F.3d 1254, 1268 (11th Cir. 2009) (noting that "[l]ife sentences are expressly permitted for RICO conspiracy"); *United States v. Fernandez*, 388 F.3d 1199, 1258-59 (9th Cir. 2004) (affirming life sentence for RICO conspiracy). Additionally, Hernandez-Guevara's

4

interpretation effectively rewrites § 1963(a), which applies to a violation of "*any* provision of section 1962," including RICO conspiracy under § 1962(d), thus rendering its introductory clause meaningless. *See* § 1963(a) (emphasis added); *Discover Bank v. Vaden*, 396 F.3d 366, 369 (4th Cir. 2005) (explaining that "courts must give effect to every provision and word in a statute and avoid any interpretation that may render statutory terms meaningless or superfluous" (internal quotation marks omitted)). Therefore, we conclude that the plain language of § 1963(a) authorizes a maximum penalty of life imprisonment for RICO conspiracy where the underlying racketeering activity carries such an enhanced penalty.

Hernandez-Guevara was charged with and pleaded guilty to RICO conspiracy. The indictment alleged, and Hernandez-Guevara stipulated, that the racketeering activity underlying the RICO violation included conspiracy to commit first-degree murder, which is punishable by a maximum penalty of life imprisonment. *See* Md. Code Ann., Crim. Law §§ 1-201, 1-202, 2-201, 2-203, 2-204 (LexisNexis 2020). Therefore, we discern no error, plain or otherwise, in the district court's conclusion that Hernandez-Guevara was subject to a maximum sentence of life imprisonment for the RICO conspiracy offense; thus, his 292-month sentence does not exceed the statutory maximum.

We now turn to the waiver in Hernandez-Guevara's plea agreement. Hernandez-Guevara maintains that this appeal falls outside the scope of the waiver because a waiver does not bar a defendant's claim that his sentence exceeds the statutory maximum.

We review de novo whether a defendant validly waived his right to appeal. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). Where, as here, the Government seeks

5

to enforce the appeal waiver and there is no claim of a breach of the plea agreement, we will enforce the waiver if it is knowing and voluntary and the issue being appealed falls within its scope. *United States v. Dillard*, 891 F.3d 151, 156-57 (4th Cir. 2018). To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "Generally . . . , if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). However, "[a]n appeal waiver does not preclude a defendant from challenging a sentence. . . imposed in excess of the maximum penalty provided by statute." *United States v. Cornette*, 932 F.3d 204, 209 (4th Cir. 2019) (internal quotation marks omitted),

Hernandez-Guevara does not dispute the validity of his appellate waiver. Moreover, the district court conducted a thorough, careful plea hearing and ascertained that Hernandez-Guevara had discussed the plea agreement with his attorney and understood its provisions. Further, the court explained the terms of the appellate waiver, and Hernandez-Guevara affirmed that he understood. And, as explained above, Hernandez-Guevara's 292-month sentence does not exceed the statutory maximum penalty of life imprisonment for RICO conspiracy. Therefore, we conclude that Hernandez-Guevara knowingly and

voluntarily waived his right to appeal and that the issue he seeks to raise on appeal falls squarely within the scope of his waiver of appellate rights.

Accordingly, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*