116 F.3d 481
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Dennis CORDES, Appellant.
 No. 97-1209.
 United States Court of Appeals, Eighth Circuit.
 Submitted: June 6, 1997
Filed: June 18, 1997
 
 Appeal from the United States District Court for the Western District of Arkansas.
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dennis Cordes appeals his conviction and the 51-month sentence imposed by the District Court[1] after a jury found him guilty of escape from custody, in violation of 18 U.S.C. § 751(a) (1994). Prior to trial, Cordes's appointed counsel filed a motion pursuant to 18 U.S.C. § 4241 (1994), requesting a psychiatric examination and a hearing to determine Cordes's mental competency. The District Court conducted a hearing, but did not order Cordes to undergo a psychiatric examination prior to the hearing. Cordes's counsel submitted medical records indicating Cordes had been diagnosed in the mid-1980s as having paranoid-type schizophrenia, mixed substance abuse, and mixed personality disorder with paranoid and antisocial features. The court ultimately concluded that Cordes was mentally competent to stand trial, based on its observation of Cordes in two separate criminal proceedings and its review of letters written by Cordes.
 
 
 2
 Cordes argues that the District Court abused its discretion when it refused his request for a psychiatric examination, and that the court's competency determination was tainted by its failure to order such an examination. We conclude that the court did not abuse its discretion in failing to order a psychiatric examination. See 18 U.S.C. § 4241(b) (stating that prior to date of competency hearing, court may order that psychiatric or psychological examination of defendant be conducted); United States v. George, 85 F.3d 1433, 1437 (9th Cir.1996) (standard of review); United States v. Williams, 998 F.2d 258, 263 & n. 10 (5th Cir.1993) (same), cert. denied, 510 U.S. 1099 (1994). We note that at the competency hearing, Cordes's counsel did not contest the District Court's failure to order such an examination; instead, counsel addressed only the ultimate issue of whether Cordes was mentally competent to stand trial.
 
 
 3
 We also conclude that the District Court's competency finding based on its dealings with Cordes was not clearly erroneous. See Vogt v. United States, 88 F.3d 587, 591 (8th Cir.1996) (standard of review); United States v. Long Crow, 37 F.3d 1319, 1325-26 (8th Cir.1994) (stating that demeanor of accused at trial is one factor to consider in making competency determination and that trial court is in better position than court of appeals to judge demeanor of accused), cert. denied, 115 S.Ct. 1167 (1995); McFadden v. United States, 814 F.2d 144, 147 (3d Cir.1987) (holding that district court's determination that defendant was competent to stand trial was not clearly erroneous where defendant's conduct at competency hearing and at plea colloquy demonstrated understanding of proceedings and nature of charges against him).
 
 
 4
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas