# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2825

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| James Leon Millard-Grasshorn, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 15, 2010
Filed: April 27, 2010

_____

Before LOKEN, Chief Judge,* JOHN R. GIBSON and WOLLMAN, Circuit Judges.

_____

LOKEN, Chief Judge.

James Leon Millard-Grasshorn was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After an evidentiary hearing, the district court[1] found Millard-Grasshorn mentally incompetent and committed him to the custody of the Attorney General under 18 U.S.C. § 4241(d) for

_____

*The Honorable James B. Loken stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2010. He has been succeeded by the Honorable William Jay Riley.

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

a determination whether his competency can be restored. Millard-Grasshorn appeals, arguing the court erred in committing him under § 4241(d). We affirm.

At any time before sentencing, either party to a federal criminal prosecution may file a motion for a hearing to determine the mental competency of the defendant. The court "shall grant the motion" if it finds "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent." 18 U.S.C. § 4241(a). Prior to the competency hearing, the court may order a mental health examination and the filing of a psychiatric or psychological report, and it may commit the defendant to a proper institution for up to thirty days for that examination. 18 U.S.C. §§ 4241(b) and 4247(b).

If the court finds after a competency hearing conducted in accordance with § 4247(d) that the defendant is mentally incompetent, the court "shall commit the defendant to the custody of the Attorney General . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability" that the defendant's competency can be restored "in the foreseeable future." 18 U.S.C. § 4241(d)(1). If the defendant's competency can likely be restored, he may be treated for "an additional reasonable amount of time." 18 U.S.C. § 4241(d)(2)(A); see United States v. Ecker, 30 F.3d 966, 969 (8th Cir.), cert. denied, 513 U.S. 1064 (1994). If the director of the facility files a certificate that the defendant's competency has been restored during his § 4241(d) hospitalization, the court shall hold a competency hearing and "shall set the date for trial or other proceedings" if it finds that competency has been restored. § 4241(e). If the court determines that the defendant's competency has not been restored during the period prescribed, he may be further committed if he is dangerous. §§ 4241(d) and 4246.

In this case, Millard-Grasshorn's attorney moved for a competency hearing in September 2007, attaching a report by a private forensic psychologist, Dr. Dan Loren Rogers, opining that Millard-Grasshorn was incompetent. After a brief telephonic

conference with counsel, a magistrate judge issued an order finding "reasonable cause to believe that [Millard-Grasshorn] may presently be . . . mentally incompetent" and committing him "to the custody of the Attorney General for hospitalization . . . for such reasonable period of time, not to exceed four months, as is necessary to determine whether" he can be restored to competency. The order further requested from the Attorney General's commitment facility "the appropriate certificate or report . . . pursuant to 18 U.S.C. § 4241(e)."

Millard-Grasshorn reported to the Federal Medical Center at Butner, North Carolina, where he was evaluated and treated for approximately four months. In February 2008, he filed a Motion for Release in the district court urging that, upon discharge, he be released to return to Iowa with financial assistance to travel back to Iowa. Later that month, the magistrate judge ordered that Millard-Grasshorn "be released at the convenience of FMC Butner within the next five days," and set his trial "for the two-week period beginning March 31, 2008." On March 14, Butner's warden transmitted a lengthy Forensic Evaluation to the magistrate judge and to counsel and filed with the district court a "Certificate of Restoration of Competency" pursuant to § 4241(e).

In June 2009, after numerous trial continuances, defense counsel filed a second motion to determine competency. Though initially referred to the magistrate judge, the district judge promptly issued an order granting the motion and scheduling an evidentiary competency hearing. Dr. Rogers was the only witness at that hearing. He testified that he agreed with the fact statements in Butner's Forensic Evaluation but disagreed with the opinion of Butner staff that Millard-Grasshorn was competent, either to enter a knowing plea of guilty or to assist in his defense at trial. Dr. Rogers further opined that Millard-Grasshorn could not be restored to competency because his condition results in part from "brain tissue abnormalities." After extensively questioning Dr. Rogers, the district court found Millard-Grasshorn incompetent and committed him to the custody of the Attorney General under 18 U.S.C. § 4241(d) for

a determination whether his competency can be restored. On appeal, Millard-Grasshorn argues the court erred in ordering a second § 4241(d) commitment.

When a finding of mental incompetence is made after the competency hearing mandated by § 4241(a), the defendant *must* be committed under § 4241(d) for a restoration-of-competency evaluation, even if there is evidence that his condition can never improve. United States v. Ferro, 321 F.3d 756, 761 (8th Cir.), cert. denied, 540 U.S. 878 (2003). The issue in this case arises from an unfortunate ambiguity in the magistrate judge's September 2007 order. After finding reasonable cause to believe that Millard-Grasshorn *may* be incompetent and properly granting the motion for a competency hearing, the order committed Millard-Grasshorn for up to four months, the period authorized in § 4241(d)(1), rather than for the thirty days authorized in § 4241(b) for a pre-hearing mental competency evaluation. And the order requested a certificate under § 4241(e) if the facility determined that Millard-Grasshorn's competency was restored, a certificate that is only filed after a § 4241(d) commitment.

At the June 2009 competency hearing, when the district court found him mentally incompetent, Millard-Grasshorn argued, as he does on appeal, that the magistrate judge's initial order by its plain language was a § 4241(d) commitment. Relying primarily on United States v. Van Houten, a Southern District of Iowa case,[2] he argued that a second mandatory four-month commitment under § 4241(d) was either impermissible as a matter of law or an abuse of the district court's discretion

---

[2]In Van Houten, the district court found the defendant incompetent and committed him pursuant to § 4241(d). After the Attorney General filed a § 4241(e) certificate that the defendant was competent, the court held the competency hearing required by § 4241(e) and again found the defendant incompetent. The government argued a second § 4241(d) commitment was required because treatment was not provided during the first commitment. The court disagreed, concluding that repeatedly committing a defendant under § 4241(d) "until the Government is satisfied with the ultimate result . . . is unauthorized and patently unfair." No. 04-cr-00134, Order dated Sept. 26, 2005, at p.6 (filed under seal).

because the record established there is no substantial probability that his mental competency can be restored. Therefore, he concluded, the court's only option was to order a hearing to determine whether he should be committed to the custody of the Attorney General under 18 U.S.C. §§ 4246(a) and (d) because "his release would create a substantial risk of bodily injury to another person or serious damage to property of another."

The district court rejected this contention. The court noted that the magistrate judge's finding that Millard-Grasshorn *may* be mentally incompetent "is necessary and sufficient to order a defendant committed for a psychiatric or psychological evaluation" under § 4241(b). The order -- "apparently through inadvertence" -- committed him for the four-month period authorized in § 4241(d) to determine if competency can be restored, and requested that the facility file a § 4241(e) certification. But the court's June 2009 determination was nonetheless the first judicial determination of incompetency. Therefore, <u>Van Houten</u> is distinguishable, and a commitment under § 4241(d) to determine whether competency can be restored is mandatory under our prior, controlling decision in <u>Ferro</u>. We agree.

First, as the district judge noted, the magistrate judge's order found reasonable cause to believe that Millard-Grasshorn *may* be incompetent, the § 4241(a) predicate for granting a competency hearing and ordering a pre-hearing mental competency examination under § 4241(b). The order did not find him mentally incompetent, a finding that may only be made after a § 4742(d) evidentiary hearing, which was not held. <u>See</u> <u>Rose v. United States</u>, 513 F.2d 1251, 1255-56 (8th Cir. 1975); <u>United States v. Graves</u>, 98 F.3d 258, 261-62 (7th Cir. 1996). Only a judicial finding of incompetence triggers a mandatory commitment under § 4241(d)(1) to determine whether competency can be restored. Thus, if construed as a § 4241(d) commitment order, the magistrate judge's September 2007 order was plainly invalid. <u>Accord</u> <u>United States v. White</u>, 887 F.2d 705, 710 (6th Cir. 1989).

-5-

Second, although § 4241(b) by its plain language does not require the court to order an examination prior to the competency hearing, see United States v. Cordes, 1997 WL 330656, at *1 (8th Cir. June 18, 1997) (unpublished), it is reasonable to infer that government counsel requested or the magistrate judge decided during the untranscribed telephone conference that a § 4241(b) competency evaluation be obtained before the government responded at the competency hearing to Dr. Rogers's report that Millard-Grasshorn was mentally incompetent.

Third, construing the magistrate judge's initial order as a § 4241(d) commitment order would raise the issue whether a criminal defendant's mental competency is an issue that magistrate judges may determine and, if so, the proper standard of district court review of this pre-trial determination. See Gomez v. United States, 490 U.S. 858, 871-74 & nn. 27, 28 (1989); 28 U.S.C. § 636(b)(1)(A), (B). This is strong reason to defer to the district court's resolution of the issue in this case. Finally, had either party appealed the magistrate judge's initial order to the district court, the district judge would have clarified the order's glaring ambiguity. The absence of a timely appeal is another reason to defer to the district court's subsequent interpretation of that order. Cf. United States v. Ecker, 923 F.2d 7, 9 (7th Cir. 1991).

For these reasons, we have no difficulty affirming the district court's conclusion that the magistrate judge did not initially commit Millard-Grasshorn under § 4241(d).[3] Therefore, the court's June 2009 determination was the first judicial determination of incompetency, and commitment under § 4241(d) was required by the statute as construed in Ferro, 321 F.3d at 761. For this reason, we need not consider Millard-Grasshorn's argument that Van Houten precludes successive § 4241(d) commitments. We note, however, that Van Houten is factually distinguishable for an additional reason. There, the second judicial finding of incompetency was made at the end of the

---

[3]It is irrelevant to the issue before us that the Butner staff misinterpreted the order as a § 4241(d) commitment, evaluated Millard-Grasshorn without objection for four months rather than thirty days, and then filed the requested § 4241(e) certificate.

mandatory § 4241(e) competency hearing held to consider the Attorney General's certification that competency had been restored. Here, after Butner filed its certification, no § 4241(e) hearing was held. Rather, Millard-Grasshorn was discharged from Butner and his case set for trial without objection by either party. Not until fifteen months later did he again raise the mental competency issue. With that passage of time, conditions affecting his ability-to-be-restored might have changed, a determination the statute commits in the first instance to the Attorney General's mental health professionals. See United States v. Strong, 489 F.3d 1055, 1062 (9th Cir. 2007), cert. denied, 552 U.S. 1188 (2008).

The judgment of the district court is affirmed.

_____