# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-1338

———————————————

United States of America

*Plaintiff - Appellee*

v.

Osbourne Karl Henriques

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

————————

Submitted: October 3, 2012
Filed: October 29, 2012

————————

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

————————

BENTON, Circuit Judge.

Osbourne Karl Henriques was indicted for drug possession. The district court found him incompetent to stand trial and committed him to the custody of the Attorney General under 18 U.S.C. § 4241(d) to determine whether his competency can be restored. This order was stayed pending appeal. Henriques appeals, arguing the commitment was unconstitutional. Having jurisdiction under the collateral order doctrine, this court affirms. *See **United States v. Ferro**,* 321 F.3d 756, 759-60 (8th

Cir. 2003) ("[R]eview is allowed in a criminal case . . . where a trial court order conclusively determines a disputed question that is completely separate from the merits . . . [and the] right would effectively be lost if not addressed before trial . . . .").

A defense psychiatrist determined Henriques was incompetent to stand trial. The government moved for a psychiatric evaluation. The court ordered Henriques committed to the Federal Bureau of Prisons for 60 days, where a psychologist concluded he was competent. Later, a defense neuropsychologist disagreed, finding him incompetent.

At the competency hearing ("first hearing"), the district court found Henriques incompetent. Instead of committing him to the Attorney General's custody to determine whether treatment could restore him to competency, the court set a second hearing to determine commitment options. In its order after the second hearing, the court stated it was convinced Henriques could never be restored to competency but committed him to the Attorney General's custody.

Henriques argues that his commitment under 18 U.S.C. Section 4241(d) is unconstitutional under *Jackson v. Indiana*, 406 U.S. 715 (1972). This court reviews de novo a constitutional challenge to, and the district court's interpretation and application of, a statute. **United States v. Trotter**, 478 F.3d 918, 920 (8th Cir. 2007); **United States v. Auginash**, 266 F.3d 781, 783 (8th Cir. 2001).

Before holding a competency hearing under Section 4241(a), the court may order a "psychiatric or psychological" examination and report, "and it may commit the defendant to a proper institution" for the exam. **United States v. Millard-Grasshorn**, 603 F.3d 492, 493 (8th Cir.) (citing **18 U.S.C. §§ 4241(b), 4247(b)**), *cert. denied*, 131 S. Ct. 348 (2010). After the hearing, if the court finds the defendant incompetent, it "shall commit the defendant to the custody of the Attorney General . . . for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial

probability that in the foreseeable future" his competency can be restored. **18 U.S.C. § 4241(d)**. If so, he may be treated for "an additional reasonable amount of time." **§ 4241(d)(2)**.

Henriques claims his commitment violates due process because the court previously committed him to the BOP (which determined he was competent) and, based on the expert testimony, the court stated he could never be restored to competency. He concludes that further commitment serves no purpose and is therefore unreasonable. *See **Jackson***, 406 U.S. at 738 ("[A] person . . . who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future.").

Henriques's commitment does not violate *Jackson*. His prior commitment lasted only 60 days. *Cf. **id.*** (holding commitment was unreasonable where the defendant was "confined for three and one-half years on a record that sufficiently establishe[d] the lack of a substantial probability [of restoration]"). This initial commitment was solely for a competency evaluation under Section 4241(b). Thus, Henriques has never been committed for treatment to determine restorability. *See ***18 U.S.C. § 4241(d)***; **Millard-Grasshorn***, 603 F.3d at 496; **Ferro***, 321 F.3d at 762. Accordingly, "the nature and duration of [his] commitment" – treatment for four months or less – "bear some reasonable relation to the purpose for which [he] is [being] committed" – to determine restorability. *See **Jackson***, 406 U.S. at 738; *cf. **United States v. Ecker***, 30 F.3d 966, 967-69 (8th Cir. 1994) (holding commitment for four years to determine restorability was not a due process violation).

Henriques emphasizes that the district court has already made a restorability determination. At the first hearing under Section 4241(a), the court found him incompetent. Instead of ordering commitment, the court scheduled a second hearing "to determine if it was reasonable to believe that [he] would ever be [restored to competency] or whether he should be committed to the custody of the Attorney

General." The second hearing was scheduled as a Section "4246(d) and (e)" hearing, where the court determines if the defendant is dangerous, requiring further commitment. *See id.* **§ 4246(d), (e)**. But such a hearing cannot occur until after the court has committed the defendant to the Attorney General's custody under Section 4241(d), received a certificate from the BOP stating that the defendant is dangerous, and determined he cannot be restored. ***Id.* §§ 4241(d)(2), 4246(a)**; *see **Millard-Grasshorn***, 603 F.3d at 493-94. The district court's apparent treatment of this second hearing as a Section 4246(d) and (e) hearing was mistaken — although the court did, in its decisive sentence, correctly apply 18 U.S.C. Section 4241(d).

In its order after the second hearing, the court did state that Henriques could never be restored. However, "the district court does not have the discretion, prior to a reasonable period of hospitalization in the custody of the Attorney General, to determine [restorability]." ***Ferro***, 321 F.3d at 761. "When a finding of mental incompetence is made after the competency hearing mandated by § 4241(a), the defendant *must* be committed under § 4241(d) for a restoration-of-competency evaluation, even if there is evidence that his condition can never improve." ***Millard-Grasshorn***, 603 F.3d at 494 (emphasis in original), *citing **Ferro***, 321 F.3d at 761. The second hearing and the district court's statement about restorability were premature. Therefore, the district court properly committed Henriques to the custody of the Attorney General, "based on the mandatory language of 18 U.S.C. § 4241(d)," for treatment to determine whether there is a substantial probability that he will be restored to competency in the foreseeable future.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed, and the stay of the commitment order is vacated.

---