# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-3541

———————————————

United States of America

*Plaintiff - Appellee*

v.

Andrew Ryan

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

——————————

Submitted: September 20, 2022
Filed: October 28, 2022

——————————

Before GRUENDER, MELLOY, and ERICKSON, Circuit Judges.

——————————

GRUENDER, Circuit Judge.

Andrew Ryan appeals the district court's[1] denial of his motion to dismiss the Government's petition for civil commitment under 18 U.S.C. § 4246. We affirm.

———————————————

[1]The Honorable Douglas Harpool, United States District Judge for the Western District of Missouri.

**I.**

In June 2018, Ryan was charged in the Middle District of Tennessee with two counts of making threats against the President. On August 3, 2018, the Middle District of Tennessee ordered Ryan to be committed for a competency examination under 18 U.S.C. § 4241(b) "for a reasonable period of time not to exceed thirty (30) days." The examination report concluded that Ryan was not then competent to proceed but would likely be able to attain competency to stand trial following treatment at the federal medical center.

After receiving the report, the Middle District of Tennessee held a competency hearing on January 16, 2019. It ordered an 18 U.S.C. § 4241(d) evaluation of Ryan and remanded him "to the custody of the Attorney General for hospitalization in a suitable facility for 120 days to determine if his mental condition may be so improved such that the proceedings may go forward." On March 7, 2019, Ryan was designated to the United States Medical Center for Federal Prisoners ("MCFP") in Springfield, Missouri, but due to miscommunication and limited bed space, Ryan did not arrive at the MCFP until June 27, 2019. The evaluation ended on October 25, 2019, and the report was completed four days later. Ryan returned to the Grayson County Jail on January 3, 2020. On March 17, 2020, the Middle District of Tennessee found that Ryan remained incompetent to proceed with trial and was unlikely to be restored to competency in the foreseeable future, so it ordered an evaluation under § 4246(a) to determine if Ryan should be civilly committed. Ryan arrived for his evaluation at the MCFP in Springfield on September 3, 2020.

On October 15, 2020, while Ryan was still at the MCFP, the Government filed a petition in the Western District of Missouri for a hearing to determine the present mental condition of Ryan and to civilly commit him under § 4246.[2] With its petition,

---

[2]Section 4246 requires that civil commitment occur in the district where the individual is confined. *See United States v. Ecker*, 30 F.3d 966, 967 (8th Cir. 1994) (explaining that the initial challenges to the defendant's competency occurred in the

the Government filed a certificate from the warden under § 4246(a) stating that Ryan "is in the custody of the Attorney General because he is not competent to stand trial or restorable to competency in the future," Ryan "is currently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another," and "suitable arrangements for state custody and care over the defendant are not currently available." Ryan moved to dismiss the petition on the ground that the statutory prerequisites under § 4246(a) had not been met. The Western District of Missouri denied the motion to dismiss. In October 2021, the district court granted the Government's petition to civilly commit Ryan under § 4246. Ryan appeals.

## II.

We review *de novo* Ryan's motion to dismiss the § 4246 petition. *See United States v. Zaic*, 744 F.3d 1040, 1042 (8th Cir. 2014).

This case presents a statutory interpretation question about §§ 4241(d) and 4246. Section 4241 allows a court to order an evaluation to determine the competency of a defendant to stand trial.

> If, after [a] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment . . .
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

District of Massachusetts but the petition for civil commitment was filed in the District of Minnesota, where his competency evaluation occurred).

-3-

> (2) for an additional reasonable period of time until . . . his mental condition is so improved that trial may proceed . . . .

> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

§ 4241(d).

Section 4246 provides the process for civilly committing an incompetent defendant.

> If the director of a facility in which a person is hospitalized certifies that a person in the custody of the Bureau of Prisons . . . who has been committed to the custody of the Attorney General pursuant to section 4241(d) . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, . . . [t]he court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damages to property of another.

§ 4246(a).

> If, after the hearing, the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the person to the custody of the Attorney General.

§ 4246(d).

Ryan argues that the Middle District of Tennessee violated the time restrictions in § 4241(d), depriving the Western District of Missouri of subject-matter jurisdiction to civilly commit him under § 4246 because the timing violation

-4-

means he was no longer lawfully "committed to the custody of the Attorney General pursuant to section 4241(d)." *See* § 4246(a). According to Ryan, his competency evaluation and the district court's determination of whether he can be restored must all occur within the four-month period. Here, more than four months passed between his arrival at the MCFP and the Middle District of Tennessee's determination that he remained incompetent. And although a district court may authorize hospitalization for "an additional reasonable period of time," § 4241(d), no additional authorization occurred here.

Ryan's jurisdictional argument fails. Whether a defendant is "committed to the custody of the Attorney General pursuant to section 4241(d)" is not a jurisdictional element of § 4246(a). To determine whether a requirement implicates subject-matter jurisdiction, we look to the text of the statute to see whether Congress "clearly state[d] that a threshold limitation on a statute's scope shall count as jurisdictional." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006). "[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* at 516. Neither § 4241 nor § 4246 mention jurisdiction, and nothing in the surrounding provisions suggests that Congress intended for the timing requirements of § 4241(d) to affect a court's jurisdiction to civilly commit an individual.

Because the requirement in § 4246(a) that a defendant be committed to the custody of the Attorney General under § 4241(d) is not jurisdictional, it can be waived. *Cf. United States v. Mooring*, 287 F.3d 725, 727-28 (8th Cir. 2002) (concluding that the timing deadline of 21 U.S.C. § 851(a)(1) was not jurisdictional so "the rules of waiver and forfeiture apply to [the provision]"). A defendant waives the right in his § 4246 proceeding to challenge the lawfulness of his § 4241(d) custody by not raising it at the proper time and place. *See Heuton v. Ford Motor Co.*, 930 F.3d 1015, 1022-23 (8th Cir. 2019) (applying traditional waiver principles). "[T]he proper time and place to contest the alleged unreasonable delays in . . . § 4241(d) custody [i]s during the [proceedings in the court that ordered § 4241(d) custody]." *United States v. Curbow*, 16 F.4th 92, 115 (4th Cir. 2021). The court

that ordered § 4241 custody—here, the Middle District of Tennessee—rather than the court in the district of confinement where the § 4246 petition was filed—here, the Western District of Missouri—is in the best position to evaluate whether the timing deadlines of § 4241(d) were violated.  *See id.* at 115-16.

Ryan did not object to the alleged § 4241(d) timing violations in the Middle District of Tennessee.  True, he complained to the Middle District of Tennessee in status updates about the delays on the grounds that they violated his rights to a speedy trial and due process.  But he never formally requested release, filed an appeal in the Sixth Circuit, or requested a writ of mandamus from the Sixth Circuit. *See United States v. Ferro*, 321 F.3d 756, 760 (8th Cir. 2003) (concluding that a defendant could appeal under the collateral order doctrine the district court's determination that he was incompetent to stand trial and should be committed to the Attorney General's custody for treatment); *Curbow*, 16 F.4th at 115 (providing examples of how a defendant can preserve objections to alleged unreasonable delays in § 4241(d) commitment).  Thus, Ryan waived his right to challenge the alleged § 4241(d) timing violations.[3]  Because the alleged § 4241(d) timing violations are the basis of Ryan's § 4246 challenge, his § 4246 challenge fails.

---

[3]Ryan also argues that the § 4246 petition should be dismissed because the delays in his § 4241(d) commitment violated his due process rights.  But Ryan also waived any due process challenge to his § 4241(d) commitment by not properly raising it in the Middle District of Tennessee.  *See Heuton*, 930 F.3d at 1022-23.  For example, he could have appealed under the collateral order doctrine.  *See United States v. Henriques*, 698 F.3d 673, 673-74 (8th Cir. 2012) (addressing under the collateral order doctrine whether the defendant's § 4241(d) commitment violates his due process rights); *Ecker*, 30 F.3d at 969-70, 969 n.4 (addressing whether Ecker's § 4246 commitment violated his due process rights due to the length of the § 4241 commitment without discussing waiver); *United States v. Ecker*, 923 F.2d 7, 8-9 (1st Cir. 1991) (addressing whether the magistrate judge's order committing Ecker under § 4241 was permissible).

## III.

For the foregoing reasons, we affirm.

_____