# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1381
_____

United States of America

*Plaintiff - Appellee*

v.

Lyle Newsom

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: September 18, 2023
Filed: October 6, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, ARNOLD and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Lyle Newsom was charged in a federal court in Iowa with possessing a firearm as a person adjudicated as a mental defective. *See* 18 U.S.C. § 922(g)(4). That court determined that Newsom was incompetent to proceed, *see id.* § 4241(a), and so ordered that he be committed to the custody of the attorney general to determine whether there was a substantial probability that Newsom would, in the foreseeable

future, attain the requisite capacity for the proceedings to go forward. *See id.* § 4241(d). Tracking the language of § 4241(d), the court ordered that Newsom remain in the attorney general's custody "for such a reasonable period of time, not to exceed four months, as is necessary" to reach a determination. The attorney general ultimately recommended that Newsom was not likely to be restored to competency in the foreseeable future. The court adopted the attorney general's recommendation.

So the government petitioned a federal court[1] in Missouri, located in the district where Newsom was confined, for an order civilly committing him under 18 U.S.C. § 4246(a). *See United States v. Ryan*, 52 F.4th 719, 721 n.2 (8th Cir. 2022). As relevant here, § 4246(a) applies to someone "who has been committed to the custody of the Attorney General pursuant to section 4241(d)" as Newsom had been. Newsom moved to dismiss the petition on the ground that he was not then lawfully committed to the custody of the attorney general because his custody had extended beyond the four-month period specified in the Iowa court's order and § 4241(d). The district court denied Newsom's motion.

Newsom maintains that the district court erred in refusing to hold that he was not lawfully in the custody of the attorney general. He also maintains that his extended stay with the attorney general violated due process. But as Newsom appears to concede, a panel of this court recently rejected these very same arguments. *See United States v. Ryan*, 52 F.4th 719 (8th Cir. 2022). The decision of that prior panel binds us. *See United States v. Hall*, 44 F.4th 799, 806 (8th Cir. 2022).

Affirmed.

———————————————

[1]The Honorable Douglas Harpool, United States District Judge for the Western District of Missouri.