# United States Court of Appeals
### For the Eighth Circuit
_____

No. 22-2095
_____

United States of America

*Plaintiff - Appellee*

v.

Loanis Gregos-Gutierrez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: September 19, 2023
Filed: November 6, 2023
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Loanis Gregos-Gutierrez appeals the district court's[1] denial of his motion to dismiss the Government's petition for civil commitment pursuant to 18 U.S.C. § 4246. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

In July 2018, Gregos-Gutierrez was charged in the United States District Court for the Western District of Texas with unlawful reentry to the United States after a prior removal, in violation of 8 U.S.C. § 1326. After he moved for and received a mental-competency evaluation pursuant to 18 U.S.C. § 4241, the district court held a hearing and found him presently incompetent to stand trial. It ordered him committed to the custody of the Attorney General, under § 4241(d), for a reasonable period of time, not to exceed four months, for treatment to determine if his mental condition could improve to stand trial. In that same order, the district court directed that, if after the § 4241(d) evaluation his condition did not improve enough, Gregos-Gutierrez should be examined, pursuant to 18 U.S.C. § 4246(a), to determine whether he was "suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(a).

After a four-month evaluation at the United States Medical Center for Federal Prisoners in Springfield, Missouri, a report explained that while Gregos-Gutierrez's condition had improved, an additional four months were needed to further evaluate his competency to stand trial. The district court ordered an additional four-month evaluation. After the second evaluation period, a report explained that Gregos-Gutierrez would likely not be restored to competency in the future and a risk assessment concluded that he would pose a danger if released. After a competency hearing, the district court ordered civil commitment proceedings under § 4246(a).

On February 27, 2020, the Government filed a § 4246 civil commitment petition in the United States District Court for the Western District of Missouri, the district in which Gregos-Gutierrez was confined under § 4241(d). He moved to dismiss that petition for lack of subject matter jurisdiction and failure to state a claim. He alleged that the delays in his § 4241 commitment violated the statute's timing provisions and his due process rights. Because his § 4241 commitment lasted longer than allowed by statute, he explained, he was not lawfully in the custody of the Attorney General when the Government filed its § 4246 petition. Therefore, the United States District Court for the Western District of Missouri lacked subject-

matter jurisdiction to civilly commit him under § 4246, and the Government's petition failed to state a claim for which relief could be granted. After hearings on the matter, the district court denied his motion and committed him to the custody of the Attorney General pursuant to § 4246. He appeals.

We review the denial of Gregos-Gutierrez's motion to dismiss the Government's § 4246 petition de novo. United States v. Ryan, 52 F.4th 719, 721 (8th Cir. 2022), cert. denied, 143 S. Ct. 1791 (2023). Gregos-Gutierrez argues that the district court erred in denying his motion to dismiss the § 4246 petition for the same reasons he argued below. During the pendency of this appeal, we resolved in Ryan the jurisdictional issues raised by Gregos-Gutierrez.

"[T]he requirement in § 4246(a) that a defendant be committed to the custody of the Attorney General under § 4241(d) is not jurisdictional [and therefore] can be waived." Id. at 722. "A defendant waives the right in his § 4246 proceeding to challenge the lawfulness of his § 4241(d) custody by not raising it at the proper time and place," which "[i]s during the [proceedings in the court that ordered the § 4241(d) custody]." Id. (alterations in original). A due process challenge to a § 4241(d) commitment may also be similarly waived. See id. at 723 n.3.

Gregos-Gutierrez urges us to overrule Ryan. However, "[i]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002) (per curiam). We are therefore bound to follow the clear holdings of Ryan.

Gregos-Gutierrez challenged his § 4241 commitment in the Western District of Missouri, the court overseeing his civil commitment under § 4246. Because he did not assert § 4241 timing and due process violations during the proceedings in the United States District Court for the Western District of Texas, the court that ordered the § 4241 custody, he has waived his right to assert those claims in the § 4246 proceeding in the Western District of Missouri. Therefore, the district court did not err in denying his motion to dismiss.

Accordingly, we affirm.

_____