# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3660

_____

United States of America

*Plaintiff - Appellee*

v.

Jerry Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 19, 2023
Filed: November 6, 2023
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Jerry Smith appeals the district court's[1] denial of his motion to dismiss the Government's petition for civil commitment under 18 U.S.C. § 4246. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

Smith was charged in the District of New Mexico with assault causing bodily injury and assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113 and 1153. After the district court granted Smith's unopposed motion for a mental-competency examination under 18 U.S.C. § 4241(a), Smith's examination report concluded that he was not competent to stand trial and that it could not be determined if he would later attain competency. Based on the report and the parties' stipulations, the court found Smith incompetent to stand trial. Pursuant to § 4241(d), it ordered him to be committed to the Attorney General's custody for a reasonable period not exceeding four months to determine whether there was a substantial probability that he would later attain capacity.

Smith was designated to the Medical Center for Federal Prisoners in Springfield, Missouri, and after a second report concluded that Smith was unlikely to be restored to competency, the district court ordered civil commitment proceedings to begin under § 4246.

Pursuant to § 4246, a Risk Assessment Panel found that Smith would pose a substantial risk of bodily injury to another or damage to property if released, and recommended he be civilly committed. Accordingly, the Government filed a § 4246 civil commitment petition in the United States District Court for the Western District of Missouri—the district where Smith was confined.

Smith moved to dismiss the Government's § 4246 petition. He argued that the United States District Court for the District of New Mexico had committed him for longer than the four months allowed by § 4241(d)(1), and therefore he was no longer legally in the custody of the Attorney General when the § 4246 petition was filed. This, he argued, meant that the civilly committing court—the United States District Court for the Western District of Missouri—lacked subject matter jurisdiction and statutory authority to commit him under § 4246.

At the time of Smith's motion and the district court's ruling, this Court had not decided whether the time limits imposed on custody with the Attorney General

by § 4241 were jurisdictional elements of § 4246 civil commitment proceedings. Still, the district court reasoned that the proper place to challenge a violation of § 4241's time limits was before the court that ordered the evaluation under § 4246, not the civilly committing court. Having jurisdiction over the § 4246 proceedings, but not the underlying § 4241 proceedings, the district court declined to disturb the original order placing Smith in the custody of the Attorney General.

Since the district court's ruling, and while the instant appeal was pending, this Court had occasion to consider the jurisdictional question posed by Smith. See United States v. Ryan, 52 F.4th 719 (8th Cir. 2022), cert. denied, 143 S. Ct. 1791 (2023). In Ryan, this Court held that a defendant's commitment to the custody of the Attorney General pursuant to § 4241(d) is not a jurisdictional element of § 4246(a). Id. at 722. Accordingly, we held that § 4246(a)'s requirement[2] that a defendant be committed to the custody of the Attorney General under § 4241(d) is waivable. Id. A defendant waives a challenge to § 4246 commitment proceedings based on his custody under § 4241(d) if he fails to challenge the duration of that custody in the court that ordered it. Id.

We review de novo Smith's motion to dismiss the § 4246 petition. Id. at 721. On appeal, Smith raises the same arguments as he did before the district court: first, that the district court lacked subject matter jurisdiction and statutory authority to commit him under § 4246 because he had been held for longer than the four months permitted by § 4241; and second, that his Fifth Amendment Due Process rights were violated by the delays. But, like the defendant in Ryan, Smith failed to raise these challenges before the United States District Court for the District of New Mexico. See id. at 722, 723 n.3. These claims are therefore waived.

---

[2]18 U.S.C. § 4246(a) also permits commitment proceedings against persons in the custody of the Bureau of Prisons whose sentences are about to expire, and persons against whom all criminal charges have been dismissed solely for reasons related to their mental conditions. In this case, however, neither party argues that Smith falls into either alternative category.

Finally, Smith urges us to reverse our holding in <u>Ryan</u>.  But "[i]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel."  <u>Mader v. United States</u>, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (citations and quotations omitted).  Whatever the merits of Smith's arguments as to <u>Ryan</u>, we are bound to follow it.

For the foregoing reasons, we affirm the order of the district court.

_____